## J. H. COGHILL & CO. *v.* BORING, Sheriff.

In an action to recover the possession of personal property, with damages for its detention, the judgment may be for more than the value as alleged in the complaint, if it be within the *ad damnum* of the writ. The value of the property is only one predicate of the recovery.

Where goods are seized by the Sheriff on an execution against G., and the owners of the goods, so in the Sheriff's hands, assign them to plaintiff, who replevins them on the ground of fraud in the original sales, the assignors are competent witnesses for plaintiff. This is not assigning a *chose in action*, but a sale of specific goods.

A witness is not disqualified, because of a mere expectation of deriving, from a suit, some advantage, to which he is not legally entitled.

A bill of sale of " all the goods and merchandise and property we own, have or have an interest in, in a store in Nevada, county of Nevada, formerly occupied by Bailey Gatzert, and now in the possession of the Sheriff of Nevada county, said goods forwarded by us to Bailey Gatzert, Nevada," contains a sufficient description of the goods.

To enable a vendor of goods to rescind the sale, he must offer to return the notes given for the goods; but this offer can be made at, or any time before, the trial.

In a suit to recover goods on the ground of fraud in the vendee, the admission of evidence that he was insolvent two months after the purchase, is not sufficient to reverse the judgment, unless it is clearly shown that the evidence was irrelevant, and injurious to the party objecting.

Appeal from the Twelfth District.

Plaintiffs, with various other merchants of San Francisco and Sacramento, in May and June, 1858, sold on credit and delivered to Bailey Gatzert, a merchant in Nevada, goods amounting to $6,924 82. In March previous he had bought of most of these parties other goods on credit, and paid for them. On the twenty-ninth of June, 1858, many of the goods first named, as also other goods, were in his store at Nevada, and on that day were seized by defendant as Sheriff, on an attachment issued in the suit of *St. Losky, Levy & Co.* v. *Gatzert.* July 15th, 1858, St. Losky, Levy & Co. had judgment, and execution being issued, was levied on the goods. July 19th, plaintiffs commenced this action, and the goods having been taken from the Sheriff by the Coroner, and afterwards redelivered, on the proper undertaking, were sold by the Sheriff, and the proceeds applied on the execution in favor of St. Losky, Levy & Co.

On the trial, to prove title to the goods described in the complaint,

which had been sold to Gatzert by persons other than plaintiffs, they offered in evidence certain bills of sale, executed respectively by the vendors to them, plaintiffs. The consideration stated in the several bills of sale was different, but they were all of the same date and in the following form:

"In consideration of the sum of four hundred and eighty-eight dollars and fifty cents, received to our full satisfaction of J. H. Coghill & Co., San Francisco, we hereby sell, transfer, assign and set over to said Coghill & Co., San Francisco, all the goods and merchandise and property we own, have, or have an interest in, in a store in Nevada, county of Nevada, formerly occupied by Bailey Gatzert, and now in the possession of the Sheriff of the county of Nevada, said goods forwarded by us to Bailey Gatzert, Nevada.

"San Francisco, July 17th, 1858.

(Signed)    Smith, McDaniel & Co."

At the time of the execution of these bills of sale the goods were in the store of Gatzert at Nevada, in the custody of defendant as Sheriff, under the execution of St. Losky, Levy & Co.

Plaintiffs then offered as a witness D. McDaniel, a member of the firm of Smith, McDaniel & Co. above named, who, on his *voir dire*, said: "If the plaintiffs should recover in this suit, I don't know but what we might expect some portion of it, though it is optional with Coghill & Co.; we have made over all our interest in the goods to Coghill & Co. They have not paid us anything. It was a transfer of the goods for nothing, to enable them to sue for them. I never calculated on anything. Coghill & Co. did not agree to pay anything. I executed paper 'A' to-night, before testifying; there was no other agreement at the time."

Paper "A" was a release from Smith, McDaniel & Co. to Coghill & Co., of all right, title and interest in the suit, and the subject-matter thereof. Coghill & Co. released Smith, McDaniel & Co. from all liability for costs or expenses, past or future.

The witness also said he had never paid anything for expenses of suit. There was also a release from the attorneys of plaintiffs to Smith, McDaniel & Co., of all liability for fees, &c.

Defendant now objected to McDaniel as a witness, on the ground— first, of interest in the event of the action; second, that he was assignee of a thing in action not arising out of contract.

Objection overruled; defendant excepting. Witness then testified

Coghill *v.* Boring.

to various facts pertinent to the issue: such as the sale and delivery of the goods to Gatzert, and his declarations, &c., inducing the sale.

Plaintiffs introduced several other witnesses, standing in the same position substantially with McDaniel, and they testified to similar facts. Same objections, ruling, and exceptions.

The various vendors had taken notes of Gatzert for the goods sold. These notes were due at the commencement of this suit; were negotiable, with two exceptions, and were delivered to Coghill & Co., with the bills of sale. No offer to return the notes to Gatzert was made until the 18th or 19th August, 1858 ; no notice was ever given him of any rescission of the contracts of sale to him, nor was any demand made on him for the goods. Plaintiffs had judgment for $6,924, 82-100. The value of the property as alleged in the complaint was $6,000.

For further facts, see opinion.

*Crockett & Crittenden,* for Appellant.

1. Part of the goods, of the value of two hundred and eleven dollars, in the hands of the defendant, and included in the goods recovered by the judgment, were not identified as of the goods alleged to have been fraudulently purchased by B. Gatzert of the plaintiffs or their vendors.

2. The judment is erroneous, in so far as it determines the value of the goods to exceed $6,000.   The plaintiffs are, by their own acts and declarations, estopped from asserting that the value exceeds $6,000. This is the value, as fixed in the complaint, affidavit and undertaking. The undertaking given by the sureties of defendant for the return of the property, is fixed by the value plaintiffs have stated; and, to allow him to recover more, would be a fraud on them.   (Pr. Act, secs. 100, 102, 104; *Welland Canal Co.* v. *Hathaway,* 8 Wend. 480 ; *Dezell* v. *Odell,* 3 Hill, 215 ; *Mitchell* v. *Reid,* 9 Cal. 204.)

3. The evidence as to the insolvency of Gatzert so long after the purchase of the goods was irrelevant and inadmissible.   He may have been insolvent after the purchase, but no inference results from this that he was so at the time of the purchase, some two months before.

4. The contract of sale to Gatzert was only void at the election of the vendors, and the foundation of this action is the supposed rescission of the contract.   But at the time of the commencement of the action, there had been no rescission of the contract.   To effect a rescission, both parties must be restored to the situation which they occupied when the contract was made, and this could be done, only by returning,

Coghill *v.* Boring.

or offering to return, to Gatzert, the notes given by him for the goods. (Chitty on Cont. 636 *a*; *Kimball* v. *Cunningham*, 4 Mass. 504 ; *Enner* v. *Henderson*, 15 Id. 319.)

5. The referee erred in admitting the testimony of McDaniel and other similar witnesses. These witnesses, the vendors of the goods to Gatzert, had done no act to rescind the sale to Gatzert. Admitting that the purchase by Gatzert was fraudulent, it was only void at their election, and they had made no election. They still held Gatzert's notes, and still had the option to treat the sale as valid and demand the price. The title was in Gatzert, subject only to be divested by their act. If anything passed by the bills of sale to Coghill & Co., and by the delivery to them of Gatzert's notes, it was nothing but this right of election, and that right was attempted to be exercised for the first time by Coghill & Co. by bringing this suit. It was a mere chose in action, not arising out of contract assigned to Coghill & Co., and these witnesses being the assignors, were not competent witnesses. (Practice Act, sec. 4.)

6. These witnesses were incompetent from interest. The action is prosecuted for their immediate benefit.

*Heydenfeldt*, for Respondents.

1. As to the articles, amounting to two hundred and eleven dollars included in the judgment. Whether they were the goods fraudulently purchased by Gatzert, was a question of fact, properly left to the referee, and his finding will not be disturbed.

2. As to the judgment being for an amount greater than the value of the goods, as alleged in the complaint, we say, this is not an action of trover for damages, wherein plaintiff is limited in his recovery to his *ad damnum* ; but an action for the return of the goods, and the *ad damnum* is only for their detention. There is, therefore, no force in the argument that the undertaking given by the sureties is with reference to the amount of valuation. On the contrary, their undertaking is with reference to the amount of their bond. By that instrument, their liability is limited, and not otherwise. In this case they are bound for $12,000 ; and cannot complain as long as they are not called on to pay a greater sum.

Nor are plaintiffs estopped ; because, 1st—estoppel must be mutual. If the defendants may show the goods to be of less value, plaintiff must have the equivalent right of showing greater value. 2d. The

Coghill *v.* Boring.

value fixed must have induced the party to act on it, and change his condition, and of this there is no pretense.   Defendant gave bond in $12,000, and no more is demanded of him.   He undertook to redeliver the goods, or pay, not the value named in the complaint, but " such sum as may for any cause be recovered," etc.   Besides, if the jury find· the truth of the fact, judgment will be given accordingly, without regard to the estoppel.   (Comyn's Dig. Estoppel E. 10.)

3.  The third objection is to the admissibility of the evidence to show Gatzert's condition as to solvency at a date three weeks posterior to the time of the alleged fraud.   In an action of this sort, such proof is admissible as to any point of time, so that it is properly connected with other facts, the whole taken together going to show the truth of the allegations relied on.   But even if error, the appellant should have shown, by setting out the evidence given in connection, that he is injured.

4.  As to the fourth point made by appellant, he mistakes the theory of the action altogether.   It does not go upon a presumed rescission of a contract, but is founded upon the idea that there was no contract whatsoever ; that there never was a change of property in the goods. Consequently, there being no contract, there would be no rescission, and Gatzert's notes were no notes for any purpose.   (See *Seligman* v. *Kalkman*, 8 Cal. 207 ; and cases cited ; *Nellis* v. *Bradley*, 1 Sandford, 560.)

5.  As to the competency of the witnesses, they had no legal interest in the event of the suit.   The sale was unreserved, and the object of it is immaterial.   Just as where a party moves to another State, to give the United States Courts jurisdiction.   The mere expectation of receiving something from the suit if successful, is no ground of exclusion.   The witnesses had no legal right to a dollar.   Nor was this sale a sale of a chose in action ; it was a sale of goods.   (*Hall* v. *Robinson*, 2 Comst. 293.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This was an action brought by the plaintiffs for the recovery of certain goods which the defendant, as Sheriff, had taken into his possession, by virtue of process against one Gatzert.   The plaintiffs claimed the goods as their property, on the ground that, though they had been sold by themselves and their assignors, yet that the sale was void, and vested

15

no title in Gatzert, for the reason that Gatzert was really a fraudulent vendee, who obtained possession of them by false pretenses.

The case was tried by a Referee, who found for the plaintiffs, and reported a judgment, which was entered as that of the Court.    A motion was made to set aside the judgment, which was denied; and the case comes before us on appeal from this order.

Several errors are assigned:

1. That the judgment is for more than the value of the goods, as alleged in the complaint.    This assignment is not good.    The damages alleged are larger than the judgment, and a mistake as to the value of the goods, which is only one predicate of the recovery, does not estop the plaintiff from recovering a sum commensurate with the loss or injury sustained by him, if the amount so recovered be within the ad damnum of the writ.

2. That the Referee erred in permitting the assignors of the plaintiffs to testify.    It seems that the assignors were owners of the goods sued for, and they assigned these goods, then in the Sheriff's hands, to plaintiffs.    This was not the assignment of a chose in action, but the sale of specific goods, and, therefore, the assignors were not within the inhibition of the section of the Practice Act which provides that the assignors of a chose in action not arising out of contract, shall not be competent witnesses for the assignee.    (Hall v. Harrison, 2 Com. 295.) The theory of the plaintiffs' case is, that no title passed in consequence of this alleged sale, but that the title remained after the form of such sale as it did before, and the suit is brought upon this title as if the ownership had never been changed.    In other words, these goods were sold in specie, though they were in the Sheriff's hands, and with the same effect as if in the hands of the vendors.

3. Nor is there anything in the objection that the goods are not sufficiently described.    The general description given was sufficient.

4. The witnesses were not interested.    The mere expectation of deriving an advantage to which they were not legally entitled, does no disqualify.

5. It is next objected, that there was no right of action in the plaintiffs, because, before suit was brought, no offer to return the notes given by Gatzert for these goods was made.    But it is well answered, that this offer may be made at the trial, and a fortiori, at any time before the trial of the cause, and this seems to have been done.    (See Nellis v. Bradley, 1 Sand. 560.)    The party offering to rescind the contract

Coghill *v.* Boring.

must retore the other to the position occupied before; but this restitution may be made—in cases like this, of a note given for goods—at any time before trial, or at the trial.

6. It is next objected, that the Referee improperly admitted testimony to show that the vendee was insolvent two months after these purchases of goods.   The whole evidence is not set out, and we cannot see the precise bearing and force of this proof.   It does not follow, because a man is insolvent on one day, that he was insolvent at any subsequent or antecedent period.   But in questions of this kind, the proofs should be clearly shown to be irrelevant, and also injurious to the party objecting; and we do not see that this is the case here.

7.  The more serious objection to the sustaining of the judgment, is in the fact that sundry articles, amounting to two hundred and eleven dollars, were included in this judgment, when there was no proof that these articles were of the goods fraudulently procured by Gatzert. The agreed statement says:

" These articles were proved to have been purchased from the persons whose names are written opposite to them, respectively, but the same persons had previously sold and delivered to Gatzert articles of the same kind, and Gatzert had paid for them, and there was no testimony offered or given by the plaintiffs to show that these articles above enumerafed and claimed by them, were those sold to Gatzert in May or June, rather than those sold previously, and paid for by Gatzert."

The plaintiffs were bound to prove their case, and this by a preponderance of testimony in favor of every substantial point in issue.   We see nothing in this statement—which appears to embody all the testimony on the subject—that establishes the fact that the goods, for which a recovery is had, were those which were fraudulently sold.

The judgment must, therefore, be modified so as to exclude these articles and their value; and the Court below will cause the proper entry to be made.   The judgment in other respects is affirmed, but at the cost of the respondents.

Ordered accordingly.