## Erastus L. Norton v. Catharine Colgrove.

*Money paid to defendant's use—Covenant against incumbrances—Deed to a stranger to the contract.*

Payment by a grantee for his own protection, of incumbrances which the grantor had bound himself to pay, is compulsory and supports an action for money paid to the grantee's use on an implied promise to repay it.

A contract was made for land, the grantor agreeing to pay off incumbrances. The deed was made to the wife of the second party at his request. *Held* that the deed did not convey to the wife any right of action which the party of the second part would have had, for the grantor's neglect in paying off the incumbrances.

It is presumed that the grantor of lands has an interest in having them discharged of incumbrances.

It is of no legal concern to a grantor bound to pay off incumbrances that the conveyance was not in fact made to the other party to the land contract, but to the latter's wife, at his request; the grantor's obligations are not increased or diminished.

A grantor is liable for only nominal damages on a covenant against incumbrances unless the grantee has to pay them.

Defects in a declaration are not noticed if being amendable they have not been demurred to.

Error to Eaton. Submitted July 2. Decided Oct. 8.

Assumpsit. Plaintiff brings error.

*Henry A. Shaw* for plaintiff in error. One who, to save his property from being sold on legal process, pays a debt which another is legally liable to pay, can maintain an action against him on an implied assumpsit, *Nichols v. Bucknam*, 117 Mass., 488; *Brown v. McHugh*, 35 Mich., 51; a buyer of personalty, who, to retain it, is compelled to discharge an incumbrance existing at the time of the purchase, may bring an action for money paid, against the vendor within six years after discharging the incumbrance, *Sargent v. Currier*, 49 N. H., 310; *McGregory v. McGregory*, 107 Mass., 543; *Sexton v. Sexton*, 35 Ind., 88.

*M. V. & R. A. Montgomery* for defendant in error. A grantee under a deed containing a covenant against incumbrances must rely on the covenant, and not on a similar covenant in the land contract, *Bull v. Willard*, 9 Barb., 642; Rawle on Cov. of Title, 604–7.

COOLEY, J. The plaintiff's case is this: that in August, 1870, in a land trade between defendant and plaintiff, defendant bound himself by a written contract to convey to him a certain piece of land subject to six thousand dollars incumbrance; she to pay off a large sum over and above the six thousand dollars which was then a lien on the land; that this excess was to be paid on the first of April 1871; that the land was conveyed by defendant to plaintiff's wife at plaintiff's request on the day last named, but that the defendant did not pay off the excess of the incumbrances as agreed, and plaintiff was obliged to pay large sums to save the land from being taken on foreclosure of the mortgages, and he seeks to recover the amount so paid as money paid to defendant's use.

The objections to a recovery on this case as they are presented in the defendant's brief, are the following:

I. There was no request by defendant that plaintiff pay this money for her, and consequently he cannot recover as for money paid for her use. But the deduction does not follow from the premise. If the defendant was charged with the duty to make payment, but neglected to do so, and plaintiff was compelled to pay for the protection of his own interest, the law will imply a promise to repay. *Hales v. Freeman*, 1 B. & B., 391; *Foster v. Ley*, 2 Bing. (N. C.), 269; *Dawson v. Linton*, 5 B. & Ald., 521; *Brown v. Hodgson*, 4 Taunt., 189; *Hale v. Huse*, 10 Gray, 99. It was decided in *Hunt v. Amidon*, 4 Hill, 345, followed in *Sargent v. Currier*, 49 N. H., 310, that a vendor of incumbered property was liable on a count for money paid, to the purchaser who had been compelled to discharge the incumbrance in order to

retain the property. Such a payment is a compulsory discharge by the vendee of a duty incumbent on the vendor: it is in no sense a voluntary payment.

II. As the land was conveyed by the defendant not to the plaintiff but to the plaintiff's wife, it is argued that the amount of the incumbrance is not a matter of legal concern to the plaintiff, and for that reason an implied promise cannot arise in his favor even if it might have arisen under other circumstances.

This argument assumes that by the conveyance to his wife it is to be assumed the plaintiff retains no legal interest in the further performance of the defendant's contract, and could suffer no pecuniary injury if the excess of incumbrances was not paid off.

The record furnishes no support for this assumption. We are not informed what were the arrangements between the plaintiff and his wife: he may for a sufficient consideration have undertaken that defendant should perform her obligation, and whether he did or not, he has presumptively an interest in having the lands he conveyed discharged of all incumbrances. Nor is it of any legal concern to the defendant that the conveyance was made to the wife rather than to the plaintiff himself: the defendant's obligations are not enlarged or diminished thereby. It is not claimed that the plaintiff caused any right of action he may have had against the defendant, either legal or equitable, to be transferred to the wife, and the deed alone would neither convey nor extinguish any such right. The deed satisfied the previous contract so far as it constituted performance, but no further, and it left further obligations unimpaired.

III. The defendant it is said is liable to the plaintiff's wife on the covenant contained in the deed to her, and this is inconsistent with any liability to the plaintiff on an implied promise. But it does not appear in the case that the deed to plaintiff's wife contained any covenant against incumbrances: if it did the defendant would be liable on it for nominal damages only, unless

the wife herself paid off the incumbrances.   *Delavergne
v. Norris*, 7 Johns., 358;  *Stanard v. Eldridge*, 16 Johns.,
254;  *Porter v. Bradley*, 7 R. I., 538;  *Willets v. Burgess*,
34 Ill., 494;  *Greene v. Tallman*, 20 N. Y., 195;  *Linder v.
Lake*, 6 Iowa, 164.

None of these objections appearing to be sufficient,
the court erred in taking the case from the jury and
the judgment must be reversed with costs and a new
trial ordered.   We have not noticed certain criticisms
which are made on the plaintiff's declaration, as it was
not demurred to, and if it had been he would doubtless
have been permitted to amend.

The other Justices concurred.