## WILLIAM BARTON v. EDGAR L. GRAY.

*Assumpsit—Different counts—Neglect to demur—Consent of tenants in common to acts of one tenant in the common interest—Variance.*

It is not necessary that special counts in *assumpsit* should be harmonious, even when the same instrument is set out in each as the foundation of an action. And the court cannot refuse to receive evidence under the declaration on any such ground as that what would support one count would defeat another.

Fatal objections to a declaration should be taken by demurrer. If the defendant delays to take them until the trial, all intendments should be against him, and if it is possible to sustain the case by amendments, they should be permitted.

A contract whereby one tenant in common employs a person to cut timber on the common property is not on its face void because not showing the consent of the other owners. It will be presumed, if necessary to sustain it, that the consent of the others was had or was expected to be obtained.

It is not a fatal variance between a declaration and the proofs that the declaration avers that the plaintiff performed a continuous contract for a long space of time, to-wit, five years, and the evidence shows he performed for three years only.

Case made after judgment from Newaygo. Submitted April 7. Decided April 19.

ASSUMPSIT. Defendants had judgment. Reversed.

*James Barton* and *A. G. Day* for plaintiff. A contract made by one tenant in common concerning the lands held in common is not void, but is only voidable at the option of the co-tenants, who alone can object: *Brown v. Bailey* 1 Met. 257; *Porter v. Hill* 9 Mass. 34; *Bartlet v. Harlow* 12 Mass. 348; *Varnum v. Abbot* id. 474; *Baldwin v. Whiting* 13 Mass. 56; *Rising v. Stannard* 17 Mass. 282; *Nichols v. Smith* 22 Pick. 316; *Baker v. Whiting* 3 Sumn. 474; *Maul v. Rider* 51 Penn. St. 377; *Hayden v. Patterson* id. 261; *Wetherbee v. Green* 22 Mich. 311; their assent will be presumed: 1 Chit. Pl. 22.

*E. L. Gray* and *Smith, Nims, Hoyt & Erwin* for defend-
ants.  There was a repugnancy in the pleadings: *Capen v.
Stevens* 29 Mich. 496; *Boerum v. Taylor* 19 Conn. 123;
*Warren v. Powers* 5 Conn. 373; *Tarleton v. Wells* 2 N. H.
306; *Sibley v. Brown* 4 Pick. 136; *Franklin Fire Ins. Co.
v. Jenkins* 3 Wend. 130; *Johnson v. Smith* 8 Johns. 384,
as to the variance: *Gleason v. M' Vickar* 7 Cow. 42;
*Knight v. Preston* 2 Wils. 335; *Vail v. Lewis* 4 Johns. 457,
*Dakin's Case* 2 Saund. 291; 1 Chit. Pl. 326; *Ladue v.
Ladue* 16 Vt. 189.

COOLEY, J.  The declaration in this case contains three
special counts in *assumpsit* and the common counts.

The first special count sets out a contract under seal
between the parties, whereby the plaintiff was employed by
the defendant to cut, haul and deliver in the south branch
of the Pere Marquette river during the years 1872 and 1873
such lumber logs as could be cut on certain described lands,
and on the undivided half of certain other described lands,
for a specified price per thousand feet.  Also to cut, haul
and deliver afloat in said stream all the logs that could be
cut from two specified sections " at the rate of two million
feet board measure every winter, and as much more as said
Gray and the other owners of said timber shall desire."  It
then avers that plaintiff entered upon the performance of
said contract and continued in the performance " for a cer-
tain space of time, to-wit, for the space of five years next
following," but that said defendant, before the timber had
all been cut from said two specified sections, and while a
large quantity, to-wit, eight million feet, remained uncut,
wrongfully and injuriously discharged the plaintiff from the
performance, etc.

The second count sets out the same contract; avers per-
formance for a time as in the other, and then a postpone-
ment of the annual cutting by agreement of the parties from
year to year at the defendant's request until the first day of
December, 1877, an offer by the plaintiff then to perform,
and a refusal by the defendant to permit it.

The third count is also upon the same contract, and avers performance by the plaintiff for three years; an agreement by the parties at the request of the plaintiff to postpone the annual performance from year to year until the first day of December, 1877; offer then to perform and refusal as before.

The defendant pleaded the general issue with notice of special matter of defense which is not material now.

When the case went to trial the defendant interposed objections to the plaintiff's proofs. These objections were either to the validity of the contract or the legal sufficiency of the declaration, and if well taken, would have been available on general demurrer. We have observed of late a growing tendency towards the postponement of such objections until the parties have been put to the expense of a preparation for trial, or perhaps until, at great expense, a trial has been gone through with; and the practice is not one to be encouraged. Objections which appear upon the face of the pleadings, and which are fatal in any stage of the case, should be taken at the earliest opportunity, and before unnecessary expense has been incurred; and if the party entitled to take them fails to observe this reasonable and just rule, all intendments should be against him, and if possible to save the case by amendment, the necessary permission should be given. *Norton v. Colgrove* 41 Mich. 544; *Burke v. Wilber* 42 Mich. 327; *Lamb v. Jeffrey* 41 Mich. 719. A proper practice in this particular will save time to the courts and expense to the public as well as to the parties.

The objections in this case were not immediately sustained, but at the conclusion of the plaintiff's case, the court ordered all the evidence stricken out, and directed a verdict for the defendants. As the reasons for the order do not very fully appear by the record, we consider briefly those which are assigned in the brief for the defendant.

It is said that the three special counts are inconsistent with each other, and the first is repugnant to the others. The same evidence would not support the several causes of

action; and it seems therefore to be supposed that by uniting the three in the same declaration they nullify and destroy each other. This is a mistake. It may be that the counts are so inconsistent that the same evidence would not support a judgment upon all: *Capen v. Stevens* 29 Mich. 496 ; but no question of that sort could be raised until after verdict. The very object of several counts where but one contract exists is to vary the statement of the case so that some one count may correspond to any possible phase the case may assume on the evidence.

It is further said that the written contract was void as against public policy, because it undertook to provide for the cutting by one tenant in common of the timber upon the lands held in common. This, it is said, would be illegal, and might be restrained by injunction. We agree that so far as the contract undertook for the cutting of timber on an undivided interest in lands, there might be difficulty in performance ; but it does not appear from this record that any question of that sort now arises. The two million feet of logs to be cut from year to year were not to be cut from an undivided interest, but on certain specified lands; and though the recitals indicate that other persons are joint owners with defendant, it will not be presumed in his favor that he made the contract without their consent. Indeed, that he had their assent or expected to obtain it is implied in the terms of the contract. But we do not mean to be understood that a tenant in common might not make himself legally responsible by such a contract even if the other tenants in common should repudiate it. That question is not raised by this record.

It is further said that a variance between the plaintiff's declaration and his proofs justified striking the proofs out. By the first count the plaintiff averred performance for a certain space of time, to wit, five years, etc. The plaintiff's evidence tended to show performance for three years only. But this was not fatal. The averment was no part of the statement of the contract; it concerned the performance and the breach ; and no such accuracy is required in setting out

the facts as the defendant seems to suppose. Besides, the evidence might have supported one count if it did not the others.

The statute of frauds, it is contended, rendered the agreement to extend the time of performance inoperative, because it was not put in writing. The only ground on which this can be claimed must be that performance could not be made within a year. But we cannot affirm this. Plaintiff was to cut and deliver in the river each year two million feet of logs, and as much more as the owners of the land should desire. The contract was therefore for the cutting of an indefinite quantity, and for all that appears it was practicable to perform it, so far as it remained unperformed, within a year from the time when the postponement was assented to, and the owners of the land might have required that it be so performed.

An examination of the whole record fails to disclose any ground on which the case could have been taken from the jury, and the judgment must be reversed with costs and a new trial awarded.

The other Justices concurred.

| 48 | 168 |
| 81 | 11 |

| 48 | 168 |
| 100 | 264 |
| 100 | 548 |

| 48 | 168 |
| 112 | 696 |

| 48 | 168 |
| 122 | 364 |

| 48 | 168 |
| s12NW | 39 |
| 131 | ¹405 |