# APRIL TERM 1885.[*]

## John Bauman v. George Bean.

*Assault—Objections to declaration—Mitigating damages.*

1. A declaration is not open to objection for defects after pleading to the merits unless the defects are fatal, and even then objection should be taken before the parties are put to the expense of preparing for trial.

2. An engineer finding that his assistant had fired up prematurely and had got such a head of steam on as threatened a dangerous explosion, became violently excited and struck the assistant. *Held*, that in an action against him for the assault and battery defendant should have been allowed to show the circumstances fully in mitigation of damages.

Error to Wayne. (Jennison, J.) April 30.—May 13.

Case. Defendant brings error. Reversed.

*Chas. B. Howell* and *E. H. Sellers* for appellant, cited as to the obligation of one who is in charge of dangerous machinery to see that it is properly used, *Parsons v. Brown* 15 Barb. 590; *Andre v. Johnson* 6 Blackf. 375; *Suggs v. Anderson* 12 Ga. 461; Cooley on Torts 167; *Abt v. Burgheim* 80 Ill. 92; *Ayres v. Birtch* 35 Mich. 501; *Green v. Goddard* 2 Salk. 641; *McCarty v. Fremont* 23 Cal. 196; *Woodman v. Howell* 45 Ill. 367; *People v. Batchelder* 27 Cal. 69; *Beecher v. Parmele* 9 Vt. 352.

*Lillibridge & Latham* for appellee.

Cooley, C. J. This is an action for assault and battery. The defendant was engineer of the Brush Electric Light Company, of Detroit, and the plaintiff was "oiler, laborer, and helper" under him. The plaintiff's case was, that having, in the afternoon of the day of the occurrence, lighted the fires under the boilers, as was his duty, the defendant came in,

---

went to the top of the boilers upon the ladder, and finding the pressure of steam excessive, flew into a passion, and called the plaintiff vile names, and when plaintiff remonstrated, rushed down the ladder and struck him over the head with a club.

When the case was called for trial, the defendant objected to any evidence being given, assigning for reason that the declaration was defective. No defect was pointed out that was not amendable, if, indeed, it was a defect at all. The court allowed an amendment, and the case proceeded against the objection of the defendant.

We cannot sanction the practice of pleading to the merits, and then raising at the trial an objection in the nature of a demurrer. It is every way an inconvenient practice, and it tends to make litigation unnecessarily expensive. If a declaration fails altogether to set out a substantial cause of action, and is incapable of being made good by amendment, the objection may be taken in any stage of the proceedings; but even then, for very obvious reasons of convenience, the questions of sufficiency ought to be disposed of before parties are put to the expense of preparation for trial. But if the objections to the declaration are not necessarily fatal, the defendant has no claim to the indulgence of a hearing upon them at the trial. This we have decided in previous cases. *Norton v. Colgrove* 41 Mich. 544; *Barton v. Gray* 48 Mich. 164. Analogous cases are *Lamb v. Jeffrey* 41 Mich. 719; *Burke v. Wilber* 42 Mich. 327.

The defense sought to be made in this case was that the plaintiff had assumed to start the fire under the boilers prematurely, and had got up steam to an amount that threatened a dangerous and very destructive explosion; that defendant was greatly alarmed and excited when he discovered what had been done, and it was under the influence of his excitement and indignation at the plaintiff's insubordination and exhibition of incompetency that the blow was struck.

The defendant complains of an unfair trial, and points to a great many little things occurring on the trial as supporting the complaint. We discover in the record no evidence which shows partiality on the part of the trial judge, but we are of

opinion that the judge, all through the trial, restricted the defendant in showing his excuse for the assault within too narrow limits. The assault was apparently an aggravated one, on the plaintiff's showing, but if the facts were as defendant claimed, his excuse was such as would naturally mitigate the apparent wrong very greatly in the minds of others. It was a very proper case for allowing a very liberal range in the examination of witnesses to bring out the facts of excuse ; but it is evident from the record that the opposite rule was applied, and the defendant was held to such strict rules that the jury must have failed to understand and appreciate the real facts. We do not deem it necessary to go through this record to point out evidences of this ; but we may mention for a single instance the practical restriction of the cross-examination of the plaintiff, when he was certainly not being pressed unreasonably ; the court intimating in pointed language that the counsel was wasting time in his questions. The court did not absolutely refuse to permit the examination to go on, but what he said was calculated to neutralize its benefits.

A new trial must be ordered.

The other Justices concurred.