### JOHNSON V. BURNSIDE.

1. When the complaint omits facts essential to a cause of action, but which might be supplied by amendment, under section 4938, Comp. Laws, before or after judgment, and these facts are proved at the trial after the judge has refused to exclude the evidence of plaintiff on the ground that the complaint does not state facts sufficient to constitute a cause of action, the defect in the complaint is no ground for a reversal of the judgment.

2. A demurrer is the proper proceeding to test the sufficiency of a pleading, and a party, by omitting to demur and pleading to the merits, is not in a position to claim the indulgence of the court. And if objection is taken to the complaint at the trial, after answer, and the complaint is amendable under section 4938, Comp. Laws, permission to amend should be given, or the evidence received, and the complaint subsequently amended to conform to the facts proved.

3. When, however, the complaint fails altogether to set out a substantial cause of action, and is incapable of being made good by amendment, the objection to it may be taken in any stage of the proceedings.

4. Greater latitude of presumption may be indulged to sustain a complaint when the objection that it does not state a cause of action is taken for the first time at the trial, after an issue of fact has been taken upon it by answer, than when the same objection is taken by demurrer.

5. When a party seeks to rescind a contract on the ground that his consent to the same was obtained through fraud, he must restore or offer to restore all the consideration received by him under the contract; but a formal tender is not necessary when the party guilty of the fraud refuses to receive the property back, and return the consideration.

(Syllabus by the Court. Opinion filed Aug. 17, 1892.)

Appeal from Minnehaha county court.    Hon. E. PARLIMAN, Judge.

Action of claim and delivery to recover certain chattels. Judgment for plaintiff.    Defendant appeals.    Affirmed.

The facts are stated in the opinion.

*Winsor & Kittredge* and *W. C. Fawcett*, for appellant.

In rescinding a contract the party must restore everything of value which he has received under it, or offer to do so, on condition that the other party do likewise.    Sections 3226, 3229, 3589 and 5591, Comp. Laws; Ahrens v. Adler, 33 Cal. 608; Rogers v. Rogers, 53 Wis. 36.

The cancellation, destruction or return of an unrecorded conveyance of lands does not operate to re-transfer the title.    Section 3233, Comp. Laws; Wilke v. Wilke, 28 Wis. 296; Hilmert v. Christian, 29 Wis. 104; Bogie v. Bogie, 35 Wis. 659.

*U. S. G. Cherry*, for respondent.

The title of the property never passed from defendant to plaintiff in the case at bar, and the latter is not required to retransfer the property to defendant in order to rescind.    Welch v. Sacket, 12 Wis. 282; Bruce v. Pearson, 3 Johns. 534; Railroad v. Jackson, 24 Conn. 514.

Where a pleading is defective such defect should be cured by motion or raised on demurrer, instead of making such objection at the trial in the nature of a demurrer.    Bauman v. Bean, 23 N. W. 451; Lounsbury v. Purdy, 18 N. Y. 515; Norton v. Calgrove, 41 Mich. 544; Burton v. Gray, 48 Mich. 164; Lamb v. Jeffrey, 41 Mich. 719; Burke v. Wilbur, 42 Mich. 327.    It is not necessary that the false representations should have been the sole motive, if they materially influenced the plaintiff relying on them to part with his property.    Safford v. Grant, 120 Mass. 25; Barrett v. Western, 66 Barb. 205.

CORSON, J.    This was an action of claim and delivery to recover the possession of certain chattels, of which the plaintiff claimed to be the owner.    Verdict and judgment for the plaintiff, and defendant appeals.    It is alleged in the complaint, briefly stated, that the chattels were obtained from the plaintiff by the defendant by means of fraud and false pretenses on the part of the

defendant and certain other persons, to the plaintiff unknown, with whom said defendant had entered into a conspiracy to defraud and cheat the plaintiff, by inducing him to part with his said chattels for comparatively worthless real estate in the city of Sioux Falls. It is further alleged that said fraud was accomplished by said defendant and his confederates pretending that two certain lots situated in the Highland addition to the city of Sioux Falls, equal in value to the said chattels, pointed out and shown to the plaintiff, would be and were conveyed to the plaintiff in exchange for his said chattels, which, in fact, were not so conveyed or described in the deed delivered to him, but in lieu thereof two other lots, in Phil Sheridan's addition to said city, were fraudulently described and inserted in said deed; and which latter lots were of little or no value, as compared with the two lots pointed out and shown the plaintiff in said Highland addition, which it was represented by the defendant would be conveyed to this plaintiff. The defendant answered, denying all the allegations of the complaint except that the plaintiff, prior to the alleged transfer, was the owner of the property described in this complaint. When the cause was called for trial, the defendant objected to the introduction of any evidence on the part of the plaintiff, on the ground that his complaint did not state facts sufficient to constitute a cause of action. The objection was overruled, and defendant excepted, and he now assigns said ruling as error.

It is contended by the learned counsel for the appellant that the complaint is insufficient—First, because it does not allege that the plaintiff executed and tendered to the defendant a deed for the two lots conveyed to him, before the commencement of this action; and, second, because there is no allegation that plaintiff relied upon the alleged false representations made by the defendant.

The averments in the complaint as to the tender are "that the plaintiff tendered to the defendant the deed which had been delivered to him, the same not having been recorded." Assuming, without deciding, that the title to the two lots described in the deed passed to the plaintiff, and that a reconveyance was necessary to revest the title in the grantors, this allegation was clearly insufficient, as an offer to redeliver the deeds received by him was not

an offer by the plaintiff to restore to defendant the property he had received. "Redelivering a grant of real property, or canceling it, does not operate to retransfer the title." Comp. Laws, § 3233. See, also, Ahrens v. Adler, 33 Cal. 608; Rogers v. Rogers, 53 Wis. 36, 10 N. W. Rep. 2; Wilke v. Wilke, 28 Wis. 296; Bogie v. Bogie, 35 Wis. 659. Had a demurrer, therefore, been interposed at the proper time to the complaint, it would have been the duty of the court to have sustained it. But we are of the opinion it was an error for which no new trial should be granted, as the complaint was amendable, and, had the motion been granted, the court had the discretion to permit the complaint to be amended, and it would have been its duty to exercise it by permitting such amendment, or by receiving the evidence to supply the defect in the complaint, and amending the complaint subsequently to conform it to the facts proved. A demurrer is the proper proceeding to test the sufficiency of a pleading, and a party, by omitting to demur and pleading to the merits, is not in a position to claim the indulgence of the court. Bauman v. Bean, 57 Mich. 1, 23 N. W. Rep. 451; Norton v. Colgrove, 41 Mich. 544, 3 N. W. Rep. 159; Barton v. Gray, 48 Mich. 164, 12 N. W. Rep. 30. If, therefore, the allegations omitted were supplied by the evidence, the defect in the complaint was substantially cured. Whittlesey v. Delaney, 73 N. Y. 571; Lounsbury v. Purdy, 18 N. Y. 515. In the latter case the supreme court of New York, speaking by Mr. Justice COMSTOCK, says: "There remains one other question to be examined. At the commencement of the trial the defendant moved to dismiss the suit on the ground that the complaint did not state facts sufficient to constitute a cause of action. The motion was denied, and we are now asked to reverse the judgment on that ground. * * * It may be that, for want of these allegations, the complaint fails to make out a case of resulting trust, or to show a right to any relief. But it does not follow that the judge at the trial was bound to dismiss the suit. We are referred to section 148 of the Code of Procedure, declaring that an omission to demur does not waive the objection that the complaint does not state facts sufficient to constitute a cause of action. But the terms and spirit of that section are satisfied by holding that the right

to object at the trial is not absolutely gone by a failure to demur. * * * If, however, the proof supplies the facts which the complaint omits to state, it is competent for the court to amend the pleadings, and the objection will be overruled. * * * As the complaint could thus be amended at the trial, and as it can still be amended after judgment, in furtherance of justice, the alleged defect in statement is no ground for an appeal to this court." This rule applies only to complaints capable of being made good by amendment, and not to complaints that fail altogether to set out a substantial cause of action, and are incapable of being made good by amendment. Bauman v. Bean, *supra*. An objection to the latter class of complaints may be taken in any stage of the proceedings. Porter v. Booth, 1 S. D. 558.

In the case at bar all the evidence pertaining to the offer to restore to the defendant the consideration received for the chattels sought to be recovered was received on the trial without objection, and the only question, therefore, is, did it show that plaintiff made a sufficient offer to reconvey the property or lots conveyed to him before the commencement of this action? The plaintiff testified: "When I met Mr. Burnside, after I, found out the property conveyed to me was not the same property shown me, he says, 'You are not satisfied with your deal?' I says, 'I ain't satisfied with no swindle. I want my team back, and I will give you your lots back.' I told Mr. Burnside I wanted the team, and I would give him his lots. He said, 'No, sir,' and went on." Our Civil Code, § 3591, provides as follows: "Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules: * * * (2) He must restore to the other party everything of value which he has received from him under the contract, or must offer to restore the same upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so." When the defrauded party seeks to recover his property, in a common-law action, on the ground that he has rescinded the contract, he must ordinarily allege and prove that he has restored, or offered to restore, to the other party, all that he himself has received on account of the contract, before he can maintain

the action. Snow v. Alley, 144 Mass. 546, 11 N. E. Rep. 764: Estabrook v. Swett, 116 Mass. 303; Conner v. Henderson, 15 Mass. 319; Morse v. Brackett, 98 Mass. 205; Perley v. Balch, 23 Pick. 283; Thayer v. Turner, 8 Metc. (Mass.) 550; Pearsoll v. Chapin, 44 Pa. St. 9. In equity a different rule prevails, as the action at law proceeds upon a rescission of the contract, while in equity the action proceeds for a rescission of the contract. Gould v. Bank, 86 N. Y. 75; Allerton v. Allerton, 50 N. Y. 670. But, while it is necessary in an action at law to allege an offer to restore, a formal tender is not necessary, unless the party consents to the rescission, when the party seeking to rescind must take such formal tender. But if the party refuses to receive the property back, and return the consideration, or to do anything except to keep what he has, no formal tender is necessary. The right to have the property formally tendered in this case was waived by appellant's refusal to accept it. The respondent, therefore, did all required of him by making an offer to restore, which was refused.

In Potter v. Taggart, 54 Wis. 395, 11 N. W. Rep. 678, the supreme court of Wisconsin, by Mr. Justice TAYLOR, says: "The plaintiff's right to bring an action to recover back the purchase money which has been wrongfully obtained from him on the sale of property which has been delivered to him is perfect when he has, upon the discovery of the fraud, promptly notified the vendor that he elects to rescind the contract, and offers to return the property purchased. Possibly, when the vendor does not in terms refuse to recognize his right to have the contract rescinded, he must make a formal tender of the property received by him; and when the vendor refuses absolutely to refund the purchase money, or absolutely refuses to recognize the vendor's right to rescind, no formal tender is necessary; and notice of his determination to rescind the contract on account of the fraud, and an offer to return the property purchased, are sufficient to enable him to maintain his action." In the case at bar the plaintiff gave notice promptly (the following day) of his intention to rescind for said fraud, and offered to restore what he had received. The law does not require an idle or useless thing to be done, and, when the appellant refused to accept the property, the respondent was not required to go

to the trouble and expense of executing or tendering a formal deed that defendant had virtually declared he would not accept. Comp. Laws, § 4719; Brace v. Doble, 3 S. D.; Potter v. Taggart, 54 Wis. 395, 11 N. W. Rep. 678; Van Trott v. Wiese, 36 Wis. 439; Wright v. Young, 6 Wis. 127; McWilliams v. Brookens, 39 Wis. 334; Carpenter v. Holcomb, 105 Mass. 280; Thayer v. Turner, 8 Metc. (Mass.) 550; Cunningham v. Brown, 44 Wis. 72; Coghill v. Boring, 15 Cal. 213. We are of opinion, therefore, that the plaintiff proved a sufficient offer on his part to restore the property, and the appellant's refusal to accept such offer was a waiver of a formal tender, and dispensed with the same.

The second objection to the complaint is, we think, also untenable. While the complaint in terms does not allege that the plaintiff relied upon the representations of defendant, it clearly appears from the complaint that he did in fact so rely upon them. It is alleged that plaintiff was unfamiliar with the description of real estate in said city, and that the defendant well knew at the time he so made and delivered the deed to the premises that the premises therein described were other and different premises from the ones which the plaintiff believed and understood he was receiving in exchange for his said chattels. Giving the complaint a liberal construction, and indulging in the presumptions permissible when an answer has been filed, we think the allegations are sufficient as to the fact that the plaintiff relied upon the statement and representations made to him. "The rule is well settled that a greater latitude of presumption may be indulged in to sustain a complaint when the objection that it does not state a cause of action is taken for the first time at the trial, after an issue of fact has been taken upon it by answer, than when the same objection is taken by demurrer." Hazleton v. Bank, 32 Wis. 34; Potter v. Taggart, 54 Wis. 395, 11 N. W. Rep. 678.

Several assignments of error are made as to the admission and rejection of evidence, but they may be divided into two classes, without considering each question separately. The first question necessary to notice, to which objection was made, is the following: "Prior to your having seen Mr. Burnside, on the next morning, state whether or not anything was done either by Mr. Burnside

or of Mr. Bigelow, or any of those parties who had talked with you about the matter, relative to bringing in a third party to take the property off your hands." Counsel for appellant objected to the question on several grounds, none of which appear to us to be tenable. The principal objection was that subsequent to such supposed agreements the parties entered into a written contract that superseded such supposed agreement. But the question was evidently asked for a different purpose than that contemplated in the objection. The theory of the plaintiff seems to have been that it was a part of the defendant's alleged scheme to defraud the plaintiff, to induce the plaintiff to believe that a party wanted to buy the property at the price plaintiff was paying for it, and would not, for some reason, buy it of the defendant, but would take it of the plaintiff if he wanted to sell. Evidence had been given in the case tending to prove this theory. Plaintiff testified that "Pete McCarrin said a man was going to take the lots right off my hands for cash." He had also testified that the defendant and Bigelow had stated substantially the same thing, and that the party would not buy it direct from defendant. Under this view of the case, we see no objection to the question. Other questions of similar nature, and to which similar objections were raised, were propounded to the witness. When Mr. Bigelow was on the stand as a witness, he was asked by defendant's counsel the following question: "Were you at the time employed, directly or indirectly, and were you working for, the defendant, Burnside?" The counsel for the plaintiff objected to the question as incompetent, irrelevant, and immaterial, and the objection was sustained. The counsel for the appellant contended that they had the right to show by the witness that he was not the agent of Burnside, to contradict plaintiff's testimony upon that subject. The issue in the case, however, was the conspiracy between the defendant and Bigelow and others to defraud the plaintiff, and not whether Bigelow was the agent of the defendant. He might, as claimed, be a confederate of Burnside, and yet not be, in the ordinary sense, the agent of defendant. The evidence sought to be obtained did not rebut or tend to rebut the case made by the plaintiff, nor did it prove or tend to prove any of the issues in the case. We are of the

opinion, therefore, that the objection to the question was properly sustained. The instructions the defendant requested the court to give were properly refused. They were based upon the theory that a formal execution of a deed from plaintiff to the defendant, and a tender of same, must be shown to entitle plaintiff to recover. But we have seen that no such formal tender is required when the party refuses to accept the offer to rescind and to accept the property offered to be restored. Though a party, to entitle him to rescind, may not be required to make a formal tender, he must show that the offer to restore has been made, and also show his readiness and ability on the trial to restore the property received by him. The law will not permit a party to recover the consideration paid for property, and also retain the property; and here the court. before permitting the plaintiff to avail himself of the judgment, will require that he execute and deliver to the defendant, or to the clerk of the court for him, a duly-executed deed of the premises conveyed to him. It appears from the record that such an offer was made on the trial. It also appears from the record that the plaintiff moved the. court to be allowed to amend his complaint to conform to the facts proved. This should have been granted, and the complaint can now be amended to so conform to the facts. In Potter v. Taggart, *supra*, the court says: "All the rights of the vendor in such case can be preserved upon the trial by requiring the plaintiff to show that he is able and willing to return the property purchased, and he may be required before judgment to place the property where the defendant can obtain possession of the same." Nellis v. Bradley, 1 Sandf. 560; Coghill v. Boring,. 15 Cal. 213. The judgment is affirmed. All the judges concurring.