### JENKINSON *et al.* v. CITY OF VERMILLION.

1. An allegation in a complaint that a party "agreed" to do a certain thing must be taken to mean that he agreed in a valid and legal manner; for instance, where a writing would be necessary to constitute a valid agreement, such allegation will be taken to mean that he agreed in writing.

2. When a complaint is defective in an amendable particular, like failure to allege a demand before action, and the defendant answers on the merits, and at the trial objects to plaintiff's evidence on account of such defect in the complaint, such objection ought not to prevail against plaintiff's offer to prove facts which would excuse such demand; it not appearing that defendant would be prejudiced thereby on account of surprise. Such evidence should be received, and the complaint amended to correspond with the facts proved.

3. The practice of pleading to the merits, encouraging the opposite party to prepare for trial, and then at the trial interposing the objection that the pleading is not sufficient to let in evidence, is one which the courts should discourage.

(Syllabus by the Court. Opinion filed Aug. 17, 1892.)

Appeal from circuit court, Clay county. Hon. FRANK R. AIKENS, Judge.

Action to recover for work and labor done under contract. Defendant answered, alleging full payment, and setting up a counterclaim for damages for unskillful work. Judgment for defendant. Plaintiff appeals. Reversed.

The facts are stated in the opinion.

*E. C. Erickson* and *Palmer & Rogde*, for appellants.

Where one party to a contract has completed his part, it is the duty of the other, without demand, to complete his. Barney v. Bliss, 1 D. Chip. 377; Smith v. Loomis, 7 Conn. 110. Where one party to a contract has disabled himself from performing his contract, it is unnecessary to make any demand of performance. Section 4719, Comp. Laws; 2 Chitty, Cont. 1013; Lovelock v. Franklyn, 8 A. & E. 371; Beswick v. Swindeles, 3 A. & E. 868; Caines v. Smith, 15 M. & W. 188.

*L. B. French,* for respondent.

Particular clauses of a contract are subordinate to its general intent. Sections 3553, 3565 and 3569, Comp. Laws.

A note payable in specific articles, without mentioning a day or place, is in law payable on demand, and a special demand is necessary. Lobdell v. Hopkins, 5 Cowen, 516; Chandler v. Winship, 6 Mass. 310; Wyatt v. Bailey, 1 Morr, 396; Bradley v. Farmington, 4 Ark. 532; Martin v. Chauvin, 7 Mo. 277; Robbins v. Luce,

4 Mass. 474; Robinson v. Batchelder, 4 N. H. 40; Brown v. Berry, 14 N. H. 459.

An appellate court will not reverse if the ruling of the trial court can be sustained upon any of the objections offered. Munro v. Potter, 34 Barb. 358; 22 How. Pr. 49; Gillespie v. Torrance, 7 Abb. 462; Deland v. Richardson, 4 Denio, 95; Curtis v. Hubbard, 1 Hill, 336; Simar v. Canaday, 53 N. Y. 298; Allard v. Greasert, 61 N. Y. 4.

KELLAM, P. J.   The appellants, who were plaintiffs below, allege in their complaint the incorporation of defendant, and the execution between them of the following contract, to wit:   "This agreement   *   *   *   witnesseth, that said parties of the first part hereby agree with parties of the second part to furnish brick and do all necessary brickwork on city hall,—that is, to put brick in wall according to plans and specifications furnished by W. L. Dow,—for three thousand dollars, being $10 per thousand in the wall, and have said brickwork completed by the 15th day of October.   The parties of the first part further agree to receive in payment for said brickwork city hall bonds, and hereby acknowledge the receipt of said city hall bonds to the amount of three thousand dollars."   The complaint further alleges full performance by plaintiffs; that in so doing they furnished and put into said building 368,944 brick; "that on the 6th day of April, 1885, the said defendant duly inspected, accepted, and made settlement in full for all said brickwork and said city hall with these plaintiffs, and under said contract, and agreed to pay these plaintiffs ten dollars per thousand for said 368,994 brick; that plaintiffs afterwards demanded the balance due them, to wit, $689.44, which defendant has failed to pay."   The defendant answered, alleging full payment by delivering to plaintiffs $3,000 in city hall bonds, and setting up a counterclaim for damages on account of unskillful workmanship and defective material.   Plaintiffs reply that under said contract they were to be paid $10 per thousand for brickwork, which was, at the time of making the contract, estimated by the architect at 300,000, and that they did not receive the $3,000 in bonds in full payment, and further denying the alleged counterclaim.   The case being called for trial before a jury, and a wit-

ness sworn for plaintiff, defendant objected to the introduction of any evidence, for the reason that the complaint did not state facts sufficient to constitute a. cause of action; the specific grounds being that it appeared from the complaint that plaintiff's agreement was to do the work upon which the action is based for $3,000, to be paid in city hall bonds, and that the bonds had been delivered to and accepted by plaintiffs; that the action is for money, while the contract was payable in city hall bonds, and there was no allegation that such bonds had been demanded of or refused by said defendant city. The parenthetic clause in the original contract, "being $10 per thousand in the wall," is very suggestive as to what might have been the understanding, or perhaps the misunderstanding, of the parties; but conceding that without further explanation the legal effect of the contract was that plaintiffs were to receive $3,000 in city hall bonds for their work and material, was it beyond the power of the city, if satisfied that plaintiffs had put more work and material into the building than was contemplated, to agree to pay them for a part or the whole of such work and material? Paragraphs 5 and 6 of the complaint allege that defendant did so agree, not necessarily under the circumstances or for the reasons here suggested, but that, after inspection of the work and settlement with plaintiffs, it "agreed" to pay, etc. "Agreed," as here used, is synonymous with "promised" or "undertook." Packard v. Richardson, 17 Mass. 131. But defendant says the amount and manner of payment was fixed by the original written contract, and its. terms could not be changed by a subsequent parol promise. The complaint does not plead the subsequent agreement as an oral one, and it cannot be assumed that it was oral. The presumption is the other way. It alleges that defendant "agreed." If, under the circumstances, an oral promise could not constitute an agreement, then an oral promise is not meant nor pleaded. If a written promise only would be valid as an agreement, then the effect of the allegation is to plead a written promise; otherwise the defendant would not have "agreed," and for the purpose of this objection the allegation must be taken as true. Upon the trial, if plaintiffs seek to alter the terms of the original written agreement by a subsequent promise.

16—S. D.

they must show such promise in writing, but the allegation is sufficient to let in such proof. Livingston v. Smith, 14 How. Pr. 490; Marston v. Swett, 66 N. Y. 206; Price v. Weaver, 13 Gray, 272; Sweetland v. Barrett, 4 Mont. 217, 1 Pac. Rep. 745; Hurlburt v. Manufacturing Co., 38 Ark. 594. Reading the complaint, then, with the understanding that it alleges that upon such settlement the defendant city made a valid and binding agreement to pay for the full amount of brick so found upon inspection and settlement to be contained in said building at the rate of $10 per thousand, is such new promise so far independent of the old one as to mean that such payment was to be made in money, or is it only to the extent of substituting a different amount to be paid, leaving it to be paid in city hall bonds? We are not prepared to hold that the trial court was wrong in its view that the payment was to be made in bonds, and that the complaint should have alleged a demand of the bonds, or facts which would excuse a demand. But, accepting that view as correct,—as to which, however, it is not necessary to express an opinion,—we think that when plaintiffs offered to prove that the full amount of bonds authorized had been issued and sold by the city, so that a demand for bonds would have been fruitless, and was therefore unnecessary, the court should have received the evidence, and allowed the pleadings to be amended to correspond to the facts proved, instead of refusing the evidence, and turning the plaintiffs out of court; thus compelling them to recommence their action at a loss of the entire expense of the first, only to reach, possibly at the end of a year or more, the same stage in the new proceedings at which they were dismissed in these; the only point gained by all this expense of time and money being an allegation in their complaint which, for all that appears on the record, might have been put in on the spot, without unfair advantage or disadvantage to either party. Litigation, while often necessary, is expensive at the best, and to one side or the other, and not infrequently to both, is a hardship. It is the policy of the Code and it is the duty of the court to make the burdens as light as possible. Take this case as an illustration. The defendant answers plaintiffs' complaint on the merits, and sets up a counterclaim to which plaintiffs reply.

The issue is thus settled for a trial on the merits, and the parties
prepare for it.  The case is called, the jury sworn, and a witness
for plaintiffs offered, when defendant makes the objection that
the complaint is defective.  The court sustains the objection on
the ground that a demand for city hall bonds should have been
alleged, and refuses to allow plaintiffs to prove facts which would
have excused a demand.  There was no intimation that defendant
would suffer by admitting such evidence because not prepared
to meet it, but it was objected to and excluded solely upon the
ground that it was not "so nominated in the bond."  We think
this ruling was contrary to the spirit and requirement of our mod-
ern practice.  We have just so expressed ourselves in Johnson v.
Burnside, (decided at this term,) reported in 52 N. W. Rep. 1057.
Such was the view of the territorial supreme court as expressed
in Stutsman Co. v. Mansfield, 5 Dak. 87, 37 N. W. Rep. 304.  "For
courts to be required to pause in the midst of a trial, and examine,
interpret, and construe the allegations of a pleading, when the
conclusion would very likely involve litigants in great and un-
necessary expense, (by way of preparation for trial,) and perhaps
serious delay in the adjudication of the rights of parties, when
the same questions can much more satisfactorily to both courts
and parties be determined before issue is joined upon the facts
stated in the case, is a practice not to be commended by the court."
We have read with satisfaction and we repeat with approval what
was said by Judge COOLEY in Barton v. Gray, 48 Mich. 166, 12 N.
W. Rep. 30:  "We have observed of late a growing tendency to-
wards the postponement of such objections until the parties have
been put to the expense of a preparation for trial, or perhaps un-
til at great expense a trial has been gone through with; and the
practice is not one to be encouraged.  Objections which appear
upon the face of the pleadings, and which are fatal in any stage
of the case, should be taken at the earliest opportunity, and before
unnecessary expense has been incurred, and, if the party entitled
to take them fails to observe this reasonable and just rule, all
intendments should be against him, and, if possible to save the
case by amendment, the necessary permission should be given."
Again, in Bauman v. Bean, 57 Mich. 1, 23 N. W. Rep. 451, the same

learned judge says: "We cannot sanction the practice of pleading to the merits, and then raising at the trial an objection in the nature of a demurrer. It is every way an inconvenient practice, and it tends to make litigation unnecessarily expensive." In so treating this question, however, we must not be understood as expressing the opinion that the agreement alleged in paragraph 6 of the complaint must necessarily be regarded as a modification of the original written contract, and therefore required to be in writing, instead of as additional or supplemental thereto. Upon the complaint as it stands this might be a troublesome question. In view of the difficulties already developed, it is not improbable that the pleadings may be amended before another trial, and we do not think it necessary to discuss the question. The judgment of the court below is reversed, and the case remanded for a new trial. All the judges concurring.