## SUNDBACK v. GILBERT.

1. An allegation in a petition that the parties entered into a contract will be taken on demurrer to mean a legal contract, and one in' writing, where that is essential to its validity.

2. A petition for the specific enforcement of a contract by which defendant agreed to convey certain land to plaintiff is not demurrable because it fails to describe other land which was to be conveyed by plaintiff to defendant in part payment, where it alleges that plaintiff has fully performed on his part.

(Syllabus by the Court. Opinion filed April 7, 1896.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action to enforce specific performance of a contract. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Joe Kirby,* for appellant.

There is no defect of parties; no one other than plaintiff and defendant has any interest in or to the subject matter in dispute. Coierick v. Hooper, 56 Am. Dec. 505; Currier v.

Howard, 14 Gray, 511; 22 Am. & Eng. Encyc. of Law, 1064; Pomeroy's Code Rem. 3d. Ed. §§ 263 and 366. The statute of frauds is a matter of defense, and it is neither necessary nor proper for plaintiff to anticipate what defense his opponent may urge. 8 Am. & Eng. Encyc. of Law, 745; 11 Id. 978; Cosand v. Bunker, 2 S. D. 294; Jenkinson v. City of Vermillion, 3 S. D. 238.

*Winsor & Kittredge,* for respondent.

The contract does not attempt any description of the land to be conveyed to respondent as part consideration, and is therefore too indefinite and uncertain to be specifically enforced. Fry on Spec. Perf. 3d. Ed. 214; Waterman on Spec. Perf. Contr. 261; Agard v. Valencia, 39 Cal. 292-301; 2 Sumn. 278; 22 Am. & Eng. Encyc. of Law 963; Breaid v. Munger, 88 N. C. 297; Jones v. Carver, 59 Tex. 293; Ross v. Allen, 45 Kan. 231; Hellenbeck v. Prior, 5 Dak. 298, Co-operative Association v. Phillips, 56 Cal. 539–548. The benefit of the statute of frauds as a defense may be taken by demurrer when the memorandum or contract is insufficient on its face; and, second when the complaint discloses an oral contract without alleging facts which would avoid the statute as a defense. Hollenbeck v. Prior, 5 Dak. 298-302; Pierson v. Ballard, 20 N. W. 193; 8 Am. & Eng. Encyc. of Law 746; Randall v. Howard, 2 Black. (U. S.) 586-589; Howard v. Brower, 37 Ohio St. 402-408; 8 Am. & Eng. Encyc. Law 746 and notes.

HANEY, J. This appeal is from an order sustaining a demurrer to the complaint and from a judgment of dismissal upon plaintiff's failure to amend. The material parts of the complaint are as follows: (1) That April 1, 1892, the Palisade Improvement Company made a contract with one Royce, whereby it leased to Royce certain realty, together with certain improvements and water rights, for a valuable consideration, under which contract Royce entered into possession of the leased premises, and retained possession until possession there-

of was delivered to plaintiff as hereinafter stated. (2) That, in addition to said contract, it was agreed Royce should have the right at any time during the term of said lease to purchase the property for a consideration to be thereafter agreed upon, and that Royce undertook, as a part of said contract, to build up the trade of the mill upon said premises, and enhance the value of the property. (3) That April 1, 1893, the plaintiff entered into a contract with said Palisade Improvement Company and Royce, whereby he assumed and acquired a one-half interest in all the right of Royce under the aforesaid contract. (4) That subsequently said company conveyed all its right, title and interest in the property, subject to the right of Royce to defendant. (5) That thereafter plaintiff, Royce, and defendant entered into a contract whereby plaintiff acquired the sole and absolute right of Royce to the property under said contract, and is now the owner thereof. (6) That thereafter plaintiff entered into a further contract, and in compliance with the aforesaid agreement with defendant, whereby defendant agreed to sell and convey by good and sufficient warranty deed to plaintiff said property (describing it by metes and bounds); and in consideration thereof plaintiff was to pay defendant $4,500, by paying $1,000 in cash and conveying to him one-quarter section of land theretofore agreed upon, subject to a mortgage of $1,000, and plaintiff was to assume an incumbrance against the aforesaid property to the extent of $2,000. (7) That said property consists of a flouring mill and appurtenances principally valuable on account of custom trade. That at the time said contracts were made with Royce and with plaintiff such trade had run down and the mill had become dilapidated. That in pursuance of said contract plaintiff has used his influence and best endeavors to restore and build up a good name for the mill, with a view of becoming the owner thereof, and has expended $1,000 in placing improved machinery therein. (8) That plaintiff has in all things done and performed his part of said contract to be performed by him, but that the said defend-

ant has totally disregarded and refused to comply with his part of said contract to be performed by him, and now refuses to complete said contract by a conveyance of said 'property to this plaintiff, to the great and irreparable injury of plaintiff. (9) That plaintiff has no remedy in a court of law, and therefore, unless this court, as a court of chancery, compels the said defendant to convey said premises to him, as by their contract and agreement he was to do, great and irreparable injury will be suffered by plaintiff."

Plaintiff demands judgment requiring defendant to convey according to the terms of the contract. Defendant demurred on the following grounds: "(1) That there is a defect of parties plaintiff and defendant, to wit, the Palisade Improvement Company and Ira O. Royce, mentioned in said plaintiff's complaint. (2) That the complaint does not, on the face thereof, state facts sufficient to constitute a cause of action." Do the facts alleged entitle plaintiff to a decree compelling defendant to convey? It is not stated whether the contracts are written or oral. If necessary to their validity, it will be presumed they are in writing. Jenkinson v. City of Vermillion, 3 S. D. 238, 52 N. W. 1066. This excludes any contention regarding the statute of frauds. All facts well pleaded are admitted. When the contract alleged in sixth paragraph, between plaintiff and defendant, was made, defendant was the sole and absolute owner of the property in question. He then agreed to convey it to plaintiff upon condition that plaintiff would pay him $1,000 in cash, convey to him a certain quarter section of land, and assume the payment of a $2,000 mortgage. It must be admitted, because properly pleaded, that each of these conditions has been performed. Comp. Laws, § 4927. Did it not appear from the complaint that these conditions have been performed by plaintiff, a cause of action would not be stated, for the reason that it would be impossible for the court to decree specific performance without a description of the land to be conveyed by plaintiff to defendant. In that case the contract would be too

indefinite and uncertain for specific performance. But such is not the situation we have to consider. We must assume that defendant has received $1,000 in cash, a proper conveyance of the quarter he bargained for, that plaintiff has in a proper manner assumed the payment of the mortgage of $2,000 according to the terms of the contract, and that nothing remains to be done except the making of a conveyance by defendant of the premises involved, which are properly and particularly described. Such being the facts as admitted by the demurrer, and there being nothing in the various transactions respecting the property, prior to the making of the new contract by plaintiff and defendant, inconsistent therewith, we think the complaint states a cause of action. Neither Royce nor the improvement company was a party to the contract, which we hold can be enforced upon the theory of its full performance by plaintiff; nor has either any interest in it or any interest in the property to be conveyed. In the view we take of the complaint, neither of them need be a party to this action. The judgment is reversed, and the cause remanded, with directions to overrule the demurrer, and allow defendant to answer upon such terms as may be deemed proper. All the judges concur.