SWENSON v. SWENSON *et al.*

1. Under Rev. Code Civ. Proc. §§ 117, 119, 136, providing that the complaint in all civil actions in courts of record shall contain a plain statement of the facts constituting a cause of action, and declaring that the

allegations of all pleadings shall be liberally construed, the facts relied on to show the creation of a trust in favor of, plaintiff need not be more. distinctly alleged in the complaint than the facts relied on in other civil actions.

2. An allegation in a complaint that plaintiff executed and delivered a warranty deed to defendant to satisfy certain mortgages, and that the. title was conveyed to' defendant in trust for that purpose, was sufficient to show that defendant acquired title in trust for plaintiff; the acceptance by defendant of the trust being involved in the allegation of delivery of the deed in trust, and in the absence of any averment on the subject it being presumed that such acceptance was in writing.

3. The allegations in a complaint that a husband, being in debt to a trust company, gave it a warranty deed on certain land to secure the debt, and thereafter agreed with plaintiff, his wife, that he would convey to her the mortgaged property, she to pay the debt, that she paid a part of the debt, and for the purpose of paying the balance the company gave a deed to her daughter, who remortgaged the property to secure the balance due, and then gave a warranty deed to plaintiff, who for the purpose of paying the mortgages executed and delivered to the defendant a deed of the premises in trust for her, show that plaintiff · was the equitable owner of the premises, entitled to a perfect record title thereto on her performance of the contract, assumed to be in writing, between her and her husband.

(Opinion filed Dec. 29, 1903.)

Appeal from circuit court, Brookings county; Hon. JULIAN BENNETT, Judge.

Action by Betsey M. Swenson against Swen Swenson, John C. Jenkins, and others.

From an order overruling defendant Jenkins' demurrer to the complaint, he appeals.    Affirmed.

*Philo Hall* and *J. C. Jenkins,* for appellant.

*Bailey & Voorhees* and *Wells & Blackman,* for appellee.

HANEY, P. J.    This action was instituted for the purpose of having it decreed that defendant Swen Swenson holds title

to a certain half section of land in Brookings county in trust for the plaintiff; that John Swenson has no interest therein; that a certain conveyance of part of the land to defendant Jenkins is void; and that plaintiff owns the premises in fee, free from any and all claims of the defendants. It is before us on an appeal from an order overruling defendant Jenkins' demurrer to the complaint, the pertinent allegations of which are thus stated in his brief: "That on December 7, 1895, defendant John Swenson, being over $5,000 in debt to the Equitable Loan & Trust Company, gave it a warranty deed to the east half of sec. 33—109—51, to secure said debt, and thereafter agreed with plaintiff, his wife, that he 'should convey to' her the mortgaged property, and she 'should assume and pay' said debt; that she paid a part of the debt, and then, for the purpose of raising the balance, said company gave a warranty deed of the land to Manda Elverud, a daughter of plaintiff, and John Swenson, who thereupon, her husband joining, remortgaged the property to said company to secure the balance of the debt, and then gave a warranty deed of the land to plaintiff, who 'for the purpose of paying' said mortgages, 'executed and delivered a certain warranty deed of said premises to the defendant Swen Swen son,' who in turn mortgaged the land to the Phœnix Mutual Life Insurance Company, and from the proceeds paid off the Manda Elverud mortgage; that Manda Elverud is a minor, 17 years of age, and never had any interest in the property, but held the same in trust for plaintiff, and 'that the said conveyance from plaintiff to Swen Swenson was made to said defendant merely in trust and that the defendant Swen Swenson holds the title to said premises in trust for plaintiff,

that thereafter defendant John Swenson executed a warranty deed of the south half of said land to John C. Jenkins, who took said deed with full knowledge of all the facts."

Do the facts alleged in the complaint show that defendant Swen Swenson acquired title to the property in trust for the plaintiff? It is alleged that the plaintiff, for the purpose of paying certain mortgages thereon, made, executed and delivered a certain warranty deed of the premises to him; that thereupon he made, executed and delivered a certain mortgage thereon; that with the proceeds of such mortgage the former mortgages were paid; and "that the conveyance of plaintiff to the defendant Swen Swenson was made to said defendant merely in trust and for the purpose aforesaid, and that the defendant Swen Swenson holds the title to said premises in trust for plaintiff." The demurrer does not, of course, admit the correctness of any legal conclusions; and appellant contends that the only fact alleged is that the plaintiff "made, executed and delivered a warranty deed," all the other allegations relative to the creation or existence of the alleged trust being merely erroneous conclusions of law. Though it may be the rule in some jurisdictions that all the facts and circumstances relied upon to show the creation or existence of a trust in favor of the plaintiff must be more distinctly alleged than are the facts relied upon in other civil actions, such distinction cannot exist in this state, where in all civil actions in courts of record the complaint "shall contain a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition," and where the allegations of all pleadings "shall be liberally construed, with a view of substantial justice between

17 S. D.—36

the parties."   Rev. Code Civ. Proc. §§ 117, 119, 136.   The allegation that the plaintiff executed and delivered a warranty deed, standing alone and confessed, would doubtless establish the fact that title to the property passed absolutely to the defendant, Swen Swenson; but such inference is qualified by the further allegations that the deed was delivered for the purpose of satisfying certain mortgages, and that the title was conveyed in trust for that purpose.   These involved an acceptance of the title for the purpose alleged as clearly as would the mere allegation of delivery involve an acceptance of abso lute ownership.   Of course, the acceptance of the trust, to be valid, must have been in writing, subscribed by the trustee or his agent thereto authorized by writing: but, as it does not appear whether the acceptance was by parol or in writing, it will be presumed to have been in writing.   Sundback v. Gil bert, 8 S. D. 359, 66 N. W. 941; Calkins v. Seabury-Calkins C. M. Co., 5 S. D. 299, 58 N. W. 797; Jenkinson v. Vermillion, 3 S. D. 239, 52 N. W. 1066.

It is further contended that plaintiff had no title to convey in trust or ortherwise, because it affirmatively appears that the conveyance by John Swenson to the trust company, though a warranty deed in form, was in fact a mortgage, and merely created a lien upon the property.   Assuming, as we must, that the contract between John Swenson and the plaintiff was in writing, and it appearing that she has performed all of the conditions of such contract on her part, she is entitled in this action to a specific performance if such relief be necessary.   In other words, if the allegations of the complaint, construed as we think they should be, are true, she is the equitable owner of the land in controversy, and entitled to such a decree as will give her a complete and perfect record title thereto.

The order appealed from is affirmed.