Opinion of the Court.

ELIZABETH WORK

v.

JOHN COWHICK, Admr. Etc.

1. STATUTE OF FRAUDS—*what is a compliance with.* Where the administrator and the purchaser at a sale made by him as such, went to a scrivener immediately after the sale, and the administrator executed a deed, and the purchaser signed a note for the purchase money of the land, and the deed and note were left with the scrivener until the purchaser procured security on the note in accordance with the terms of sale, it was *held*, that the requirements of the Statute of Frauds were complied with, and that the administrator could recover in a suit against the purchaser for a failure to comply with the terms of sale.

2. COVERTURE—*to be available as a defense, must be pleaded.* The objection that the defendant, at the time of making the contract sued on, was a married woman, comes too late upon a motion for a new trial. To be available as a defense, it should be pleaded.

APPEAL from the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. H. CASE, and Mr. JAMES A. WARREN, for the appellant.

Mr. WM. W. BERRY, for the appellee.

Per CURIAM: On the 13th day of July, 1872, Cowhick, the administrator of the estate of Adam Wishon, as such administrator, and pursuant to an order of the county court of Scott county, Illinois, sold at public vendue a tract of land belonging to that estate, and appellant bid off the land at $480. The terms of the sale required the purchaser to give a note with personal security for the purchase money, payable one year after date, and secured further by a mortgage upon the land sold. Appellant neglected and refused to consummate the sale by giving the required securities. After a few months the appellee again advertised the land, and sold the same at public vendue to another purchaser (he being the highest bidder at that sale) at the sum of $300. This action was brought on the 10th of November, 1874, to recover damages from ap-

pellant for the breach of the contract made by his bid at the first sale.

The defense set up is, the Statute of Frauds.   The evidence on the question whether any memorandum in writing (such as required by the Statute of Frauds at the time of the bid) was made and signed by appellant, shows that immediately after the land was bid off by appellant, the administrator, the auctioneers and the appellant went to the office of Mr. Callan, who was doing the writing touching the sale made that day, and Callan proceeded to prepare a deed of the premises to appellant, which was signed by the administrator and left by him in Callan's hands, to be handed to appellant when she should have signed the note and the security should have signed it, and when she should have signed the mortgage; and appellant, at the same time, signed a note for the amount bid, and that was left in Callan's hands.   The business was not consummated, for the reason that appellant was not at that time ready to produce the personal security to sign the note.   Afterwards, she never brought forward any personal security, nor in any other way did she complete the purchase.

The note thus drawn up at Callan's office, and signed by appellant, recited that she promised to pay Cowhick, administrator, etc., "for land purchased by Elizabeth Work, this day, at administrator's sale, the sum of $480," etc.

The deed signed by Cowhick and left with Callan described the land bid for fully.

The evidence as to the fact of appellant having signed the note was contradictory.   Cowhick swore he saw her sign it, and she swore she did not sign it, nor authorize any one to sign it.

These witnesses having testified in the presence of the court below, and the court having found for plaintiff, the majority of the court are not disposed to disturb the finding, and are of opinion that the proof shows that the requirements of the statute are shown to have been complied with; that the making of the deed and signing of the note may very properly be regarded as one transaction.

The objection that appellant was a married woman at the time of the bid, and so continued until the trial, came too late. It was first made on a motion for a new trial, and can not prevail. To avail as a defense, it should have been pleaded.

The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY: While I concur in the affirmance of the judgment of the court below, I prefer to rest my conclusion on other grounds. I am not satisfied, by the proofs, that appellant had anything to do with the drawing of the deed by Callan, or with the signing of it by Cowhick; nor do I think the signing of the note by appellant is sufficiently proven. She swears positively she did not sign it, and Cowhick swears he saw her sign it. By his testimony, Callan seems to have been present when she signed the note, if at all, and appellee did not call him nor account for his absence. In the view I take of the law, however, this question is not material.

The statute in force at the time of the sale was as follows: "No action shall be brought to charge any person upon any contract for the sale of lands, * * * unless the said contract or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing." (Gross' Statutes 1871, chap. 44, sec. 2, p. 302.)

After the making of this oral contract, and before the commencement of this action, a substitute for the above section was enacted and came into force July 1, 1874, which is identical in substance with the old statute in every respect, except that there is an addition in the following words: "This section shall not apply to sales on execution or by any officer or person pursuant to a decree or order of any court of record in this State."

It is plain that this sale comes within the class of sales thus excepted from the operation of that law. This was a sale made by a person pursuant to an order of a court of record in this State.

It must be observed that neither the old statute nor the new declares void oral contracts for the sale of lands, nor does either of the statutes forbid such oral contracts. Other sections of these statutes do declare certain other contracts void. " This distinction is sometimes important." (Parsons on Contracts, 56.) A parol contract for the sale of land is not, by the terms of the statute, declared either void or voidable. At common law, such contracts were good and valid. They remain good and valid in every respect, as at common law, except in so far as their goodness and validity was impaired by the statute. They were, for the time being, rendered unavailable *in this State*, by the provision that " no action shall be brought to charge any person " upon such a contract. The statute at the time of the contract was leveled against the remedy, not against the validity of the contract.

The statute of 1874, in effect repealed the statute in force in 1872, in so far as it prohibited the bringing of an action upon this contract. The contract was valid all the while. It was the duty of appellant to make compensation for the loss of appellee which had resulted from the breach of a valid contract, but appellee was forbidden by the statute from resorting to the courts of this State by action for the recovery of these damages. On the 1st of July, 1874, that prohibition was removed and now the action can be maintained.

A contract valid and enforcible at law in the State where it is made, can not be enforced in any other State having a statute saying "no action shall be brought" upon such contract, (*Leroux* v. *Brown*, 14 Eng. Law and Equity Reports, 247), and this because the statute applies to the mode of enforcement and not to the validity of the contract itself. For the same reason, it follows that a contract made in a State where the statute provides that no action shall be brought upon such contract (if no other objection to its validity appears) may be enforced by action in another State where no such statute exists.

If this statute, when properly considered, applies only to the remedy upon such contract, it may at any time be re-

pealed or modified by the legislature, and, the prohibition being removed, an action will lie for a breach of the contract.

The majority of the court, however, are not prepared, without further consideration, to adopt this view of the law.