## TOWNSEND V. KENNEDY.

1. When plaintiff alleges ownership of real property in his complaint, and the same is denied in the answer, evidence of a witness (admitted without objection on the ground that the question is imcompetent) that the plaintiff was "the owner, to his knowledge," and this is undisputed, is sufficient to support a finding that the plaintiff was the owner.

2. When persons assume to act for another by the execution of a written contract for the sale of real property, and the act is ratified by the principal, by executing the deed provided for in the contract with full knowledge of its terms, he will be thereafter estopped to deny his liability under the contract, and such a ratification renders the contract as valid as though he had given the agents written authority to execute the contract.

3. The note or memorandum in writing required by the statute of this state to render a contract for the sale or purchase of real estate valid may be made subsequent to the actual contract, and may be contained in various writings, letters, papers, and documents, provided that the substance of such contract can be ascertained from the writings themselves.

4. A formal statement of the terms of the contract by the party sought to be charged is not absolutely indispensable. There are other modes equally conclusive upon the party sought to be charged.

5. A memorandum agreement signed by a firm of real-estate agents, reciting that $100 has been received from K. in part payment for certain city lots therein described, and containing the terms of the purchase, delivered to and retained by K.; an abstract of the title to the lots, delivered to and retained by K.; a check for $900 signed by K., and deposited as an escrow under the terms of the agreement; notes and a mortgage drawn up in accordance with the terms of the agreement, and forwarded to K., inclosed in a letter to which he replies in writing; a letter inclosing such notes and mortgage, and requesting K. to execute the same, and in which letter the agents state, "The deed to the lots you purchased is here," and to which letter K. replies by letter, "Yours of the 16th inst. at hand, inclosing notes and mortgage for my signature," and in which K. makes no objection to the notes or mortgage, or the statement, "lots which you purchased," but simply requests the agents to obtain from the owner the terms of a cash payment, instead of the notes and mortgage,—taken and considered together, constitute sufficient evidence of a note or memorandum in writing of the alleged agreement subscribed by K. to justify the find-

ing of the trial court that the alleged agreement was in writing, and subscribed by K.

(Syllabus by the court.    Opinion filed Oct. 2, 1894.)

Appeal from circuit court, Hughes county. Hon. H. G. FULLER, Judge.

Action to enforce specific performance of a contract for the purchase of land. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Peacock & March* and *A. B. Melville,* (*J. H. Williamson* of counsel), for appellant.

In an action for specific performance an allegation of title at the time of the sale is a necessary averment and a material allegation in the complaint. Abbotts Form § 5590; 5 Sanford Ch. 72; 2 Sanford Ch. 96; Kellogg v. Church, 4 How. Pr. 339; 19 Abbott's Pr. 288; Thompson v. Railroad, 45 N. Y. 474; Abbott's Trial Evi. 727; 52 How. Proc. 190; 16 Abbott Prac. 133; 44 How. Prac. 80. A deed from a person not in possession or not shown to be the owner, establishes no title. Miller v. Railroad, 71 N. Y. 380; Gardner v. Hearch, 1 N. Y. 528. An exhibit attached to the complaint is not a part of the complaint. Auldman v. Siglinger, 2 S. D. 442; 50 N. W. 911.

Part performance sufficient to entitle a person to specific perfomance relating to land, is improvement and expenditure on the lands. Hollenback v. Prior, 5 Dak. 303. Before a contract can be specifically enforced within the statute of frauds on the grounds of part performance, the agreement must be so far executed that the refusal of full execution would operate as a fraud upon the party and place him in a situation wherein he could not be recompensed save by actual specific performance. Brown v. Brown, 33 N. J. Eq. 650. Mere payment of money would not entitle to specific performance. Wright v. Ruckett, 2 Gratt. 370; Gilbert v. Trustees, 12 N. Y. Eq. 180; Odell v. Monhose, 68 N. Y. 499; Lang v. McLaughlin, 14 Minn. 72; Bladdat v. Hildreth, 103 Mass. 484; Workman v. Guthrie, 29

Pa. St. 445; Blanchard v. McDougall, 6 Wis. 167; Cogger v. Lancing, 43 N. Y. 599. If letters are relied upon to take the case out of the rule of the statute they must distinctly recognize and adopt the contract. Trever v. Wood, 36 N. Y. 307; Hazard v. Day, 14 Allen, 487; Esmay v. Greton, 18 Ill. 483. When the statute provides that the instrument shall be signed by the party to be charged, it is sufficient if the party against whom it is sought to be enforced has signed it. Smith v. Fleck, 69 Pa. St. 474; Parkings v. Adsell, 50 Ill. 216; Justice v. Lang, 42 N. Y. 493.

*Crawford & DeLand,* for respondent.

An abstract of title furnished by vendor to purchaser, is competent evidence to show title. Abbott Tr. Ev. 727; Hostley v. James, 50 N. Y. 407.

A complaint need not allege a contract as having been made in writing, even although the contract is one within the statute of frauds, but it will be presumed that the contract was duly evidenced if an agreement simply is alleged. Jenkinson v. Vermillion, 3 S. D. 238; 52 N. W. 1066; Bliss Code Pl. 312; Maxwell Code Pl. 15. A general denial is not sufficient to raise the question of the statute of frauds. Linsey v. Linsey, 30 Ind. 398; Osborne v. Endicott, 6 Cal. 149; Fry Spec. Perf. § 536; Johnson v. Burnside, 3 S. D. 230; 52 N. W. 1057; Jenkinson v. Vermillion, 3 S. D. 238; 52 N. W. 106; Stuttsman v. Mansfield, 5 Dak. 87; Burton v. Gray, 48 Mich. 166; Bonman v. Bean, 57 Mich. 1. Only some "note or memorandum" of contract need be in writing to conform to the statute of frauds. Benj. on Sales, § 208; Thornton v. Kempsey, 5 Faust. 786; Tiedman Sales, § 72; Thayer v. Luce, 21 O. St. 62. Such contract may be evidenced by letters. Waterman Spec. Perf. § 235; Pomeroy Spec. Perf. § 81; Jerks v. Barrett, 52 Miss. 315; Lee v. Mahoney, 9 Ia. 344; Pecks v. Vandermark, 99 N. Y. 29; Rhoades v. Cashner, 12 Allen, 132; Heidman v. Walfstem, 12 Mo. App. 366. The connection between the different papers

of the contract may be shown by parol. 8 Am. & Eng. Enc. Law 713; Wilkman v. Evans; 6 N. Y. 513.

Part performance as between vendor and vendee may consist of acts irrespective of possession. Hallis v. Edmonds, 1 Verr. 159; Mundy v. Joliffs, 5 Myl. & Co. 167; Rhods v. Rhodes, 3 Souf. Ch. 279; Higgins v. Moore, 34 N. Y. 417; Fitch Real Est. 43 and 125. If one of the parties cannot be restored to his former position after rescission the contract must be considered as perfected in equity and a refusal to complete it at law is in the nature of a fraud. Willard's Eq. Jur. 284; Harris v. Knickerbocker, 5 Wend. 638; German v. Machin, 6 Paige, 288; Lawry v. Tew, 3 Barb. Ch. 40; Fry Spec. Perf. § 538.

A party may waive a condition, or treat the contract after default as continuing in force in which case he cannot insist upon a forfeiture. Waterman Spec. Perf. 449; Pom. Spec. Perf. 397; Longfellow v. Moore, 102 Ill. 289; 1 Greenleaf Ev. § 304; 2 Pass. Cont. 555; Whitfield v. Riddle, 78 Ala. 99; McGeoch v. Hooker, 11 Ill. App. 649; 1 Enc. Law 434. It is not necessary that the agents authority should be in writing. Fitch R. E. Ag. 8; Fogarty v. Lawyer, 17 Cal. 589; Keith v. Hirschberg, 2 S. W. 777; Riley v. Minot, 29 Mo. 439; Callens v. Smith, 18 Ill. 160; Watson v. Sherman, 84 Ill. 263; Sharp. v. Milligan, 22 Beaver, 606; Snulie v. Hobbs, 3 Atl. 711; Johnson v. Dodge, 17 Ill. 433; Peabody v. Howard, 46 Ill. 242; Doty v. Wilder, 15 Ill. 407; LeRay v. Beard, 8 How. 451; Ewell's Evans on Ag. 2; L. R. 1 C. P. 407; Buxton v. Rusk, L. R. 7 Exch. 279; Roche v. Han Messer, 15 N. E. 345; Learned v. Wannamaker, 9 Allen, 412; Peck v. Vandermark, 99 N. Y. 29; Peabody v. Speyers, 56 N. Y. 230; Thayer v. Luce, 22 O. St. 62; Work v. Cawhick, 81 Ill. 317; Pomeroy Spec. Perf. § 82; Chrislenson v. Wooley, 41 Mo. App. 53; O'Neil v. Craine, 67 Mo. 250; Lash v. Parlin, 98 Mo. 391; Benj. Sales, § 211. The memorandum may be made at any time after contract and before suit. Bird v. Monroe, 66 Mo. 347; Williams v. Bacon, 2 Gray, 387; Hewes v. Taylor, 70 Pa.

St. 387; Bey. Sales § 220.    The unnamed principal in a contract by agent for sale of land may be shown by parol.    Weston v. McMillon, 42 Wis. 567; Martindale on Law Convey. § 7; Evans v. Wells, 22 Wand. 324; Pars. Cont. 11; 2 Smith's Lead. Cas. 377; Ford v. Williams, 21 How. 287; Huntington v. Knox, 7 Cush. 371.    When the agent signs his own name only, parol evidence is admissible to show the agency and charge the principal.    Dykers. v. Townsend, 24 N. Y. 57; Salmon v. Goddard, 14 How. 447; Curtiss v. Blair, 26 Miss. 309; McConnell v. Brelhart, 17 Ill. 354; Williams v. Woods, 16 Md. 220; Johnson v. Dodge, 17 Ill. 443; Williams v. Bacon, 2 Gray 387; Pinckney v. Hagadorn, 1 Drew. 89; Merritt v. Clayson, 12 Johns, 102.

CORSON, P. J.    On February 7, 1890, Johnson & Sutherland, two real-estate agents of Pierre, signed and delivered to one Howard, as agent of the defendant and appellant, a memorandum agreement which is as follows:    "Received of Chas. B. Kennedy, by C. W. Howard, $100, to apply on the purchase of lots, as per list attached, in Wells 2nd addition to the city of Pierre, according to the recorded plat thereof.    Price, three thousand.    Terms, one-third cash, viz.:    $1,000 cash on delivery of deed, and abstract of title.    Balance as follows, to-wit, $1,000 in one year, $1,000 in two years, at 8 per cent.    Deed to be delivered and money paid on or before ten days.    In case said Kennedy does not pay said $1,000 within ten days, the $100 paid shall be forfeited.    Sale subject to approval of owner. [Signed]   Johnson & Sutherland."    To this agreement was annexed a list of 26 lots in Wells' Second addition to the city of Pierre, giving the number of the lots and blocks, and prices of each.    Within the 10 days specified in the memorandum, Johnson & Sutherland delivered to the appellant an abstract of title to the lots, which was retained by appellant without making any objection to the title.    On February 15th the appellant signed and deposited as an escrow with Mr. McClure, a banker at Pierre, a check for $900, as follows:    "Pierre, South Da-

kota, Feb'y 15, 1890.     The Pierre National Bank pay to John-
son & Sutherland or bearer nine hundred dollars ($900.00).
Chas. B. Kennedy."    In April a deed was in due form executed
for the lots by respondent and his wife to appellant, and depos-
ited in escrow with said McClure.    This deed was not executed
within the 10 days specified, but there was evidence that the
time was waived.     Johnson & Sutherland had no written
authority from respondent to sign the contract, but the execu-
tion of the deed was claimed to be a ratification of their acts.
The appellant admitted, when examined as a witness, that he re-
ceived the memorandum of agreement from Howard on the day
it was executed and retained it; and it clearly appeared from
the evidence in the case that on that day, or very soon there-
after, appellant placed said lots with a firm of real estate
agents in Pierre for sale, and that they had the same for sale
for several weeks.    On the arrival of the deed, in April, the
appellant entered into negotiations with Johnson & Sutherland
to allow him to pay cash, instead of giving a mortgage and
notes, which resulted in an agreement to accept $1,950 cash in
lieu of the notes and mortgage.    On April 16th, Sutherland
wrote to appellant a letter, of which the following is a copy:
"Pierre, South Dakota, April 16th, 1890.    Chas. B. Kennedy,
Esq., Madison, S. Dak.—Dear Sir:   The deed of the lots which
you purchased is here, and we have made notes and mortgage
for $2,000, which please sign, and return to the Pierre National
Bank, with instructions to turn same over to us, with the
$1,000 which you have deposited, upon receipt from us of deed
properly executed, and oblige.   (Enc.)    John Sutherland."
To this letter the appellant, on April 23d, wrote a reply, of
which the following is a copy:   "Madison, South Dak., April
23, 1890.   John Sutherland, Pierre, So. Dakota—Dear Sir:
Yours of 16th inst. at hand, inclosing notes and mortgage for
my signature.    When I saw you last, you said you would get
best figures from owner of lots for all cash, instead of leaving
$2,000 on time.    Kindly procure this, and let me know at once,

and I will consider it. I shall be away from home after to-morrow for about two weeks, and would like your reply on my return. Yours truly, Chas. B. Kennedy." On May 12th John-son sent to appellant the following telegram: "Shall you pay off mortgage? Must know. I notified Cobb by wire." On May 13th the appellant telegraphed the following reply: "Will not take the lots. Consider sale off. Letter follows." No letter followed and in June, 1890, this action was instituted.

Numerous errors are assigned in the record, but we shall only consider those discussed by counsel in their brief. These are that plaintiff failed to establish on the trial—"First, that at the time at which the alleged contract was made, and at the time suit was brought, he was the owner in fee of the property described; second, that Johnson and Sutherland were the agents of the plaintiff for the sale of the property in question, and that such agency was evidenced in writing; third, that there was a valid contract, such as is required by the statute of frauds; fourth, that such contract was mutual, and capable of being enforced or conformed to, that the defendant waived the limitation as to the time of acceptance of his offer, and that such waiver was communicated to the plaintiff, and that the delay in the production of the title deeds was on account of the defendant; fifth, that there was such a part performance as to take the case out of the statute; sixth that the agreement was so far executed that the refusal of full execution would operate as a fraud upon the party, and place him in a situation which does not lie in compensation."

Before proceeding to examine these, we will briefly notice the objection taken to the admission of any evidence under the complaint, on the ground that the same did not state facts suffi-cient to constitute a cause of action. We think the complaint is sufficient without the exhibit; but, if there was any defect, it was merely as to the form of the complaint, and it could have been amended on the trial, and can now be ordered amended in the court below, if it should be deemed necessary. This ques-

tion was so fully discussed by this court in Jenkinson v. Vermillion (S. D.) 52 N. W. 1066, and in Johnson v. Burnside, Id. 1057, that further discussion seems to us unnecessary.

It is alleged in the complaint that the plaintiff was the owner in fee of the property alleged to have been sold to the appellant. This was denied by the answer. It is now contended by the learned counsel for the appellant that there was no evidence to justify the finding of the court that plaintiff was such owner. In addition to the abstract of title delivered to appellant, and retained by him without any objection to the title, and the fact that appellant, in declaring the sale off, makes no objection to the title, the plaintiff proved by the witness Cobb that the respondent was the owner. This evidence was admitted without objection to it on the ground that it was incompetent. To a question propounded to him, he says, ''He [the respondent] was the owner of the lots, to my knowledge.'' The question was objected to as leading, but not as incompetent. The objection was overruled. While the answer was not responsive to the question, and might therefore nave been properly stricken out on that ground, and also as incompetent, no motion was made to strike it out, and it therefore stands as evidence in the case. Wendt v. Railroad Co. (S. D.) 57 N. W. 226. The evidence of Cobb was undisputed, and it is therefore sufficient to sustain the finding of the court.

It is further contended that there was no evidence that Johnson & Sutherland were the agents of the respondent, and that they were authorized in writing to make the contract known as ''Exhibit No. 1.'' The answer to this contention is that appellant is not seeking to charge or hold the respondent, and under such circumstances, some authorities hold that it is not material whether respondent was bound or not. Fry, Spec. Perf. §§ 449, 450; Clasen v. Bailey, 14 Johns. 484; McCrea v. Purmort, 16 Wend. 460; Davis v. Shields, 26 Wend. 362. Again, the respondent, by adopting the acts of the agent, and executing and forwarding the deed, ratified the acts of the

agent, and he would be thereafter estopped from denying his liability upon the contract, and by this act he has rendered the remedy mutual. Fry, Spec. Perf. §§ 450–509, subd. 4.

This brings us to the important question in the case, namely: Was the evidence sufficient to show a valid and binding contract on the part of the appellant, under the provisions of the statute of frauds of this state. The sections of the statute bearing upon the question to be discussed are section 3544, subd. 5, which reads as follows: "The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent; * * * (5) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged,"—and section 3617, the pertinent part of which is as follows: "No agreement for the sale of real property, or of an interest therein, is valid unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged, or his agent thereunto authorized in writing. * * *" It will be observed that in both sections the only requirement is that the agreement, or some note or memorandum thereof, shall "be in writing and subscribed by the party to be charged." The note or memorandum may be made subsequently to the agreement. Williams v. Bacon, 2 Gray, 387. The contract, note, or memorandum is not required to be contained in one paper, but may be contained in a number of papers, documents, or letters. In Greenleaf on Evidence (section 268), the learned author says: "It is sufficient if the contract can be plainly made out in all its terms from any writings of the party, or even from his correspondence, but it must all be collected from the writings." In Wharton on Evidence (section 872), it is said: "It is enough, in order to meet the requirements of the statute, if the substance

of the contract is to be inferred from writings, either by the parties or by their agent, though the writings are made up of disjointed memoranda or protracted correspondence." In Reed on the Statute of Frauds (section 341), it is said: "The memorandum required by the statute of frauds may be on different papers, one of which must contain a reference to the other." And in Schouler's Domestic Relations (section 177), it is said: "Letters or correspondence before marriage may establish an antenuptial settlement, where they sufficiently furnish the terms of the agreement." Fry, Spec. Perf. § 520; Roehl v. Haumesser (Ind. Sup.) 15 N. E. 345; Peck v. Vandermarck, 99 N. Y. 29, 1 N. E. 41; Thayer v. Luce, 22 Ohio St. 62; Christensen v. Wooley, 41 Mo. App. 53; Hewes v. Taylor, 70 Pa. St. 387; Jelks v. Barrett, 52 Miss. 315; Peabody v. Shyers, 56 N. Y. 230; Schutt v. Society, 41 N. J. Eq. 115, 3 Atl. 398; Wills v. Ross, 77 Ind. 1. A formal statement, by the party to be charged, of the agreement is not absolutely indispensable. "There are other modes equally conclusive upon the parties. Keeping silence under certain circumstances is an assent to a proposition. Anything that shall amount to a manifestation of a formed determination to accept, communicated, or put in a proper way to be communicated, to the party making the offer, would doubtless complete the contract." Trevor v. Wood, 36 N. Y. 307. Applying the principles laid down in the cases cited to the case at bar, we are of the opinion that the evidence fully justified the findings of the court.

It appears from the undisputed evidence that appellant received from his agent, Howard, on the day it was executed, the memorandum signed by Johnson & Sutherland, and retained it; that he received the abstract of title and retained it; and that he signed and deposited with McClure a check for $900, being with the $100 paid, the cash payment specified in the contract. The counsel for the respondent contend that this, of itself, was a sufficient memorandum to bind the appellant. In this contention the counsel is to some extent sustained

by the supreme court of Illinois in the case of Work v. Cowhick, 81 Ill. 317, in which it was held that the signing of a promissory note by the defendant was a sufficient compliance with the statute, the terms of the contract being evidenced by a warranty deed executed at about the same time. While it is not necessary to hold that the signing of this check is of itself sufficient, it was an important circumstance, taken in connection with the letter of Johnson of April 16th, and the appellant's letter of April 23d, and the documents there referred to. The letter of April 23d, in reply to the letter of Johnson of April 16th, was a clear and distinct recognition of the contract. Appellant says in that letter, "Yours of the 16th inst. at hand, inclosing notes and mortgage for my signature." He had before him, therefore, the mortgage describing the property; the notes, with time of payment and amount; the memorandum of agreement and abstract of title. And he had previously deposited his check for $900, and paid in cash $100; and he tacitly admits that they are correct, and correctly express the terms of the contract. He only requests Johnson to get the figures of a cash payment in lieu of the mortgage and notes. With these written letters and documents before the court, it would have no difficulty in determining what the contract was. Mr. Johnson, in his letter of April 16th, says, "The deed of the lots which you purchased is here," etc. If appellant had not purchased the lots, or the notes, mortgage, or memorandum agreement were not in accordance with the terms of the contract, then was the time for him to have notified the agents of that fact. His "silence, therefore, under the circumstances," was an assent to the terms of the contract, as indicated by the letter, mortgage, and notes then before him, his check for $900, and by the memorandum agreement then in his possession, together with the abstract of title. The law does not require that the party to be charged shall distinctly state in the paper subscribed by him all the terms of the contract, but these may be contained in other writings referred to, and to which he, in terms or by his silence, assents.

It is contended by counsel for appellant that under section 4628, Comp. Laws, which provides that "neither party to an obligation can be compelled specifically to perform it, unless the other party thereto has performed or is capable specifically to perform every thing to which the former is entitled under the same obligation, * * *" the respondent could not have been compelled to perform the contract at the time the memorandum agreement was signed and delivered, as by the terms of that agreement the respondent was at liberty to disapprove the contract. It is a sufficient answer to this contention to say that he did subsequently, and prior to April 16th, affirm it, and forward a deed in pursuance of its terms. When he did affirm it in writing prior to any withdrawal on the part of the appellant, it became a binding contract as to him.

Having held that there was a note or memorandum in writing of the contract, within the provisions of the statute of frauds, we do not deem it necessary to decide whether or not there was a sufficient part performance to take the contract out of the statute. The doctrine of part performance is only applicable when the contract rests in parol. When the contract is in writing, or there is some note or memorandum thereof in writing, the contract, as to the conveyance of realty, can be enforced, without regard to whether it has in part been performed or not. Our conclusion is that the judgment of the court below should be affirmed, and it is so ordered.

FULLER, J., took no part in this decision.