## SHERWOOD V. CITY OF SIOUX FALLS.

1. Where the complaint omits facts essential to a cause of action, and which might be supplied by amendment, and these facts are proved at the trial after the judge has refused to exclude the evidence of plaintiff on the ground that the complaint does not state a cause of action, the defect in the complaint is no ground for reversal of a judgment for plaintiff.

2. Where the deposition of the plaintiff was read without objection, and, at the time of reading it, permission was asked, and leave given, without objection, to call plaintiff himself in rebuttal, defendant could not afterwards have the deposition stricken out on the ground that plaintiff had personally attended court and testified in his own behalf.

3. In the absence of any showing, it is presumed that the physical condition of a plaintiff in an action for personal injuries compelled him to be brought into court on a cot, and not that he was so brought for the purpose of arousing the sympathy of the court and jury. FULLER, J., dissenting.

(Opinion filed Jan. 11, 1898.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Damages for personal injury. Plaintiff recovered a judgment, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*D. E. Powers*, for appellant.

The objection that the complaint does not state facts sufficient to constitute a cause of action, is not waived by a failure to demur. § 4913, Comp. Laws; Bliss, Code Pl., § 413; Graham v. Camman, 5 Duer, 697; Richards v. Edick, 17 Barb. 260; Sterling v. Hanson, 1 Cal. 479; Abbe v. Marr, 14 Id. 210; Choynski v. Cohen, 39 Id. 501.

*C. S. Palmer*, for respondent.

If the complaint was defective, it was the duty of counsel to demur or move to have it made more definite and certain, and the objection to the introduction of evidence was not well taken. Stutsman Co. v. Mansfield, 5 Dak. 86; Anderson v. Alseth, 6 S. D. 568. See also Johnson v. Burnside, 3 S. D. 233; Jenkinson v. City of Vermillion, 3 S. D. 238.

HANEY, J. This is an action to recover for injuries alleged to have been caused by a defective sidewalk. Plaintiff had judgment, and defendant appealed. It is alleged in the complaint: "(1) That the defendant is a municipal corporation duly organized under and by virtue of the laws of this state. (2) That, among other things, it is, by its charter and the laws of the state, made its duty to keep the streets and sidewalks in said city in good order, and at all times to keep the same in a good and secure condition for the purpose of public travel thereon. (3) That a certain street in this city,

known as 'Dakota Avenue,' is, and was at all times hereinafter set forth, a common thoroughfare, used by citizens thereof and others; that said defendant on the 1st day of March, 1895, and for some time previous thereto, had constructed and maintained a sidewalk along the margin of said Dakota avenue, in the city of Sioux Falls aforesaid, and between Twelfth and Thirteenth streets, on said Dakota avenue. (4) That on or about the 10th day of March, 1895, said sidewalk was permitted by this defendant to be out of repair; and, through said defendant's carelessness and negligence, boards used by the said defendant in the maintenance of said walk were allowed to become loose, unsound, and unfit for use in the said walk, and the same were dangerous for the uses of public travel thereon. (5) That the plaintiff on or about the 10th day of March, 1895, was lawfully traveling on said street and sidewalk, and was wholly unconscious of danger, and was accidentally, and without fault or negligence on his part, and by reason of a loose board or plank, tripped and thrown to the ground upon the said sidewalk, with great force and violence; that by reason of the fall of the plaintiff, caused as aforesaid through the negligence and carelessness of the said defendant in the maintenance of the walk as aforesaid, the plaintiff received great bodily injury, and was made sick, sore, and ruptured, and was thereby kept in his bed and detained from business for many months, and has, as a consequence thereof, from said 10th day of March, 1895, until the present time, been incapacitated from performing manual labor, for which he was well qualified and fitted previous to the injury as above set forth, and was in consequence thereof compelled to expend large sums of money for medical attendance and nursing, and he has been permanently injured, to his damage, in medical service, nursing, and materials compelled to be provided, $200; and to his damage for the injury as above set forth, $5,000." Defendant's answer admits that it is a municipal corporation, and denies each and every other allegation of the complaint.

At the trial, defendant interposed the following objection, which was overruled: "We object to the admission of any evidence, on the ground that the complaint does not state facts sufficient to constitute a cause of action. There is no allegation in the complaint that the defendant city caused the alleged defect in the sidewalk, or was guilty of any negligence in the construction of said sidewalk, or that the defect was caused by the act of said city, or by others acting by authority of said city. There is no allegation in the complaint that said city had actual notice of the defects in the sidewalk which occasioned the injury complained of. Nor is it alleged in the complaint that the defects in the sidewalk which occasioned the injury had existed for a sufficient length of time to charge the city with notice of such defects." Defendant did not demur, nor does it affirmatively appear that the complaint was amended to conform the pleading to the facts proved. It is doubtful if the complaint shows upon its face an unsafe condition of the walk so long continued as to impute notice, and charge the city with negligently permitting it to be in that condition, but this defect, if it exists, was supplied by the evidence received upon the trial; and the case comes clearly within the rule announced by this court in Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057, wherein this language is used: "Had a demurrer, therefore, been interposed at a proper time to the complaint, it would have been the duty of the court to have sustained it. But we are of the opinion it was an error for which no new trial should be granted, as the complaint was amendable; and, had the motion been granted, the court had the discretion to permit the complaint to be amended, and it would have been its duty to exercise it, by permitting such amendment, or by receiving the evidence to supply the defect in the complaint, and amending the complaint subsequently to conform it to the facts proved." This decision is cited with approval in Jenkinson v. City of Vermillion, 3 S. D. 238, 52 N. W. 1066, and Anderson v. Alseth, 6 S. D. 566, 62 N. W. 435. The doctrine thus

declared, and approved by the former adjudications of this court, is peculiarly applicable to the case at bar. The action was tried in the city of Sioux Falls. Witnesses familiar with the condition of the walk in question must have been easily obtainable by defendant. It would be difficult to imagine a case that would appeal more strongly in favor of the rule adopted in Johnson v. Burnside than the one before us.

The testimony of the plaintiff, in chief, was read from his deposition without objection on the ground that his attendance could be procured; and he was called as a witness in rebuttal, without objection as to his right to give oral evidence. At the conclusion of all the testimony, defendant moved to strike out all of his testimony which had been read from his deposition, for the reason that the witness had personally attended court, and testified in his own behalf. The motion was properly denied; it appearing that, when the deposition was read, counsel for plaintiff requested and was granted leave, without objection, to call plaintiff as a witness in rebuttal.

When called as a witness in rebuttal, plaintiff was brought into court on a cot, to which proceeding defendant objected upon the ground that it was done to excite the sympathy of the court and jury. In the absence of any showing to the contrary, it must be presumed that it was necessary to so conduct plaintiff into court. His right to be present cannot be questioned. If the verdict of the jury was sustained by the evidence, as we must assume it was, and plaintiff's condition was such as to excite sympathy, it was the result of defendant's negligence, not plaintiff's fault.

All the assignments of error to which attention has been called by the brief of counsel have received attention. Finding no reversible error, the judgment of the circuit court is affirmed.

FULLER, J. (dissenting). As the complaint fails to state facts sufficient to constitute a cause of action, no issuable subject-matter was brought for trial and determination within the jurisdiction of the court; and it was error to admit, over speci-

fic objections, persistently urged, evidence sufficient to make out a case, when no cause of action was presented by the pleadings. Section 4913 of the Compiled Laws, which declares that the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to demur, asserts the universal, logical, and scientific rule, dictated by actual necessity, and one which should not, in my opinion, be abrogated. The early developed and constantly recognized rule is that all testimony introduced must correspond with the allegations, and be confined to the point in issue; and, as I read the decisions, no court, in the absence of vital averments, presently adheres to the doctrine that a complaint can be amended to conform to evidence admitted over valid objections to establish necessary facts not pleaded. It follows therefore, that the judgment should be reversed, and the case remanded for a new trial.