### MARTIN V. GRAFF *et al.*

1. Where the complaint omits facts essential to the cause of action, and which might be supplied by amendment, and defendant pleads thereto, and these facts are proved at the trial after the judge has refused to exclude the evidence of plaintiff on the ground that the complaint does not state a cause of action, the defect in the complaint is no ground for reversal of a judgment for plaintiff.

2. In an action by an endorsee of a note payable to the Pitts Manufacturing Company, evidence offered by defendants as to transactions, affecting the note, with the H. A. Pitts & Sons Manufacturing Company, or the H. A. Pitts Manufacturing Company, was inadmissible.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Lake county. Hon. JOSEPH
W. JONES, Judge.

Action upon two certain promissory notes. Plaintiff had
judgment upon one of said notes, and from such judgment and
an order overruling their motion for a new trial, defendants
appeal. Affirmed.

The facts are stated in the opinion.

*W. C. Beaman* and *Aikens, Bailey & Voorhees,* for appellants.

*P. C. Truman,* for respondent.

FULLER, J. The complaint in this action, so far as essen-
tial to the questions presented, is as follows: "The plaintiff,
for cause of action against the defendants, alleges  *  *  *  *
that heretofore, to wit, on the 8th day of October, A. D. 1887,
the defendants made, executed, and delivered to the Pitts Man-
ufacturing Company their certain joint promissory note in
writing, dated that day, whereby and wherein, for value re-
ceived, on or before the 1st day of January, A. D. 1889, they
promised and agreed to pay to the said Pitts Manufacturing
Company the sum of $153.46, with interest thereon at the rate
of 8 per cent per annum from date till paid; that prior to the
maturity of said note, for a good and valuable consideration,
and in the due course of business, the said note was by the said
payee therein named duly sold, indorsed, and delivered to this
plaintiff, who is now the owner and holder thereof; that said
note is long past due, and wholly unpaid; and that payment
thereof has been duly demanded.  *  *  *  Wherefore plaintiff
demands judgment," etc. On information and belief, defend-
ants, in effect, denied the execution and delivery of the note
described in the complaint, and for a further and complete de-
fense relied upon a breach of warranty, occasioned by the fail-
ure of a certain threshing separator purchased from the H. A.
Pitts & Sons Manufacturing Company to do work for which it
was intended in a manner equally as good as any other machine
in the market.

At the trial, counsel for defendants objected to the introduction of any evidence under the complaint, for the reason that the facts therein stated are not sufficient to constitute a cause of action, and the overruling of this objection is urged as reversible error. The ruling of the trial court is fully sustained by the following decisions: Johnson v. Burnside, 3 S D. 230, 52 N. W. 1057; Jenkinson v. City of Vermillion, 3 S. D. 238, 52 N. W. 1066; Sherwood v. City of Sioux Falls, 10 S. D. 405, 73 N. W. 913.

After plaintiff had made out a *prima facie* case and rested, defendants produced a witness, and offered to prove that they had suffered damages in the sum of $500 by reason of the breach of warranty entered into with an agent of the H. A. Pitts & Sons Manufacturing Company, of whom they purchased the separator mentioned in their answer, and "that no transaction was ever had by them with the H. A. Pitts Manufacturing Company, and no note ever executed by them to the H. A. Pitts Manufacturing Company, or delivered to the H. A. Pitts Manufacturing .Company." As the note in suit was executed and delivered by the defendants to the Pitts Manufacturing Company, duly indorsed, and the property of plaintff, evidence of transactions between defendants and an agent of the H. A. Pitts & Sons Manufacturing Company, or the H. A. Pitts Manufacturing Company, being clearly incompetent, was properly excluded. A regardful examination of the record discloses no error, and the judgment appealed from is affirmed.