## BURGI v. RUDGERS et al.

A complaint of a subcontractor for the enforcement of his lien alleged the ownership of the property in the alternative. Defendant did not demur nor object to the introduction of evidence and entered into a stipulation as to the ownership. **Held,** that the objection was not available on appeal.

Rev. Code Civ. Proc. § 95, provides that the court may determine any controversy between parties before it, when it can be done without prejua.cing others, but when a complete determination of the controversy cannot be had without other parties they must be brought in. Section 708 provides that, if action is brought by one or more to enforce mechanics' liens, the court shall require that "all persons claiming liens" against the property be "made defendants or joined with the plaintiff as shall seem to the court to be just and proper." There is no requirement that the principal contractor be made a party to an action foreclosing the subcontractor's lien, nor need the subcontractor exhaust his remedy .against the contractor before proceeding against the property  The owner also can introduce any defense available to the contractor. **Held,** that a nonresident principal contractor was not a necessary party to the enforcement of the subcontractor's lien.

Where a cross-complaint for foreclosure of a subcontractor's lien was in two counts, and one of them contained correct allegations as to the cwnership of the property, a demurrer to the whole pleading was properly overruled.

A contractor who in good faith intended to comply .with his contract to furnish certain material and labor for $1,400, but by inadvertence failed as to matters which could be remedied for $177, is entitled to judgment for the contract price less the cost of remedying the defects.

It is not reversible error to amend the court's findings of fact, so as to conform to the facts as stipulated by the parties.

(Opinion filed, July 11, 1906.)

Appeal from Circuit. Court, Yankton County. Hon. E. G. SMITH, Judge.

Action by Fred Burgi against Denton W. Rudgers, E. C. Dudley, and others. From a judgment in favor of plaintiff and defendant Dudley, defendant Rudgers appeals. Affirmed.

*Gamble, Tripp & Holman,* for appellant. *French & Orvis* and *C. H. Dillon,* for respondents.

HANEY, J. This is an action by a subcontactor to enforce a mechanic's lien upon property owned by the defendant Rudgers. Defendant Dudley, another subcontractor, answered, claiming the

enforcement of his mechanic's lien. Judgment was rendered in favor of both subcontractors, and the owner appealed therefrom, and from the order denying his motion for a new trial.

Plaintiff's complaint contains these allegations: "(2) That the defendants, Yankton Theater Company, Denton W. Rudgers, Willard C. Lusk, and Maurice W. Jencks, or one or more of said persons, is, and at all times hereinafter mentioned was, the owner of lot 3 and south 23 feet of lot 2, in block 26, of that part of the city of Yankton, Yankton county, state of South Dakota, known and platted as 'Yankton.' (3) That during the year 1902, and prior to the 8th day of May, in said year, the defendant Frank P. McClure contracted with the defendants Denton W. Rudgers, Willard C. Lusk, Maurice W. Jencks, and the Yankton Theater Company, or one or more of said persons, to furnish material for and construct upon the real property above described a brick building to be used for an opera house." Appellant insists that the complaint is fatally defective because these allegations as to ownership are stated in the alternative. He neither demurred nor objected to the introduction of evidence, on this ground, and entered into a written stipulation regarding the ownership of the property. The defect, if any existed, might have been cured by amendment. Under these circumstances the objection is not now available. Jenkinson v. Vermillion, 3 S. D. 238, 52 N. W. 1066; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Townsend v. Kennedy, 6 S. D. 47, 60 N. W. 164; Anderson v. Alseth, 6 S. D. 566, 62 N. W. 435; Sherwood v. Sioux Falls, 10 S. D. 405, 73 N. W. 913; Martin v. Graff, 10 S. D. 592, 74 N. W. 1040; De Luce v. Root, 12 S. D. 142, 80 N. W. 181; Walker v. McCaull, 13 S. D. 512, 83 N. W. 578; Woodford v. Kelley, 18 S. D. 615, 101 N. W. 1069.

Answering plaintiff's complaint and defendant Dudley's cross-complaint appellant alleges there is a defect of parties defendant, in that Frank P. McClure, the principal contractor referred to in such complaints, has never been served with the summons or complaint, and has never appeared in the action. It appears from the sworn return of the sheriff "that after due diligence he was unable to find the defendant Frank P. McClure, in said county, or to learn that he was in or had any property within the state of South Da-

kota. For the purpose of finding said McClure he inquired of Denton W. Rudgers, who is well acquainted with him; that said Denton W. Rudgers informed deponent that said Frank P. McClure is in Chicago, Ill., that he lives at said place, and that his post-office address is No. 80 Adams street, Chicago, Ill." Based on 'this return, the pleadings, and fact of no appearance by McClure, appellant moved that the action be stricken from the calendar, or that all proceedings be stayed until McClure shall have been served or appeared. The overruling of this motion is assigned as error. There is much conflict of authority as to whether the principal contractor is a necessary party in an action by a subcontractor or materialman to foreclose a mechanic's lien. 13 Enc. Pl. & Pr. 953. This is not strange, as the question necesssarily involves legislation peculiar to the jurisdiction wherein it arises. In this state as to actions generally, the statute provides: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of the other parties, the court must cause them to be brought in." Rev. Code Civ. Proc. § 95. As to mechanics' liens it provides: "Any person having a lien by virtue of this article may bring an action to enforce the same in the circuit court of the county or judicial subdivision where the property charged with such lien is situated, and any number of persons claiming liens against the same property may join in the same action, and whenever an action is brought by any one or more of 'them, the court, before proceeding in such action, shall require that all persons claiming liens against the same property be brought in and made defendants or joined with the plaintiff as shall seem to the court to be just and proper, and the court shall direct the time and manner of service, and may order service to be made by publication as in other cases and with like effect." Id. 708. Our statutes do not expressly or by implication require the principal contractor to be a party to an action for the enforcement of a subcontractor's lien. They do not require the subcontractor to exhaust his remedies against the contractor before proceeding against the property. And in such an action the owner may interpose any de-

fense which would be available to the contractor. Had McClure appeared in this action the issues between the materialmen and the owner would or could have been precisely the same as they were in his absence. The owner could not have controlled the contractor's defense. If he desired to contest the amount or validity of the subcontractors's claim against the contractor he would have been compelled to act independently of the latter. The court could not compel the voluntary appearance of the contractor, and as he was a non-resident a personal judgment against him was impossible in the absence of such appearance. It is, therefore, clear that McClure was a proper but not necessary party, and that the learned circuit court did not err in denying the owner's motion to stay proceedings until the former was served or appeared, which would in effect have precluded the plaintiff and defendant Dudley from ever enforcing their liens.

It is disclosed by the record: "That several days after the completion of the taking of the testimony in the Burgi branch of the case, the taking of the testimony under the Dudley branch of the case was taken up and proceeded with, neither the plaintiff Burgi nor his counsel being present or taking any interest therein; that at the conclusion of all the evidence in the case and the submission of findings by the parties, the defendant Dudley asked leave to amend his cross-complaint and submit further evidence. This leave was granted by the court. It was therefore agreed that the case should be again taken up four days thereafter. Upon the service of his amended cross-complaint on the defendant Rudgers, said defendant, at the time the cause came on for further hearing, interposed a demurrer thereto on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was taken up by consent, and submitted without argument, and defendant Rudger's attorneys did not specify any objections to said cross-complaint, except that it did not state facts sufficient to constitute a cause of action. The court overruled said demurrer to which the said defendant Rudgers excepted, and his exception was allowed." On the trial it was admitted: "That at the time of this contract with said McClure the property was owned by the defendants Rudgers, Lusk, and Jencks. That subsequently and during the

course of the erection of the building, to-wit: About June 10, 1902, a corporation, the Yankton Theater Company, was organized under the laws of this state, and that the property on which the building is situated, being to-wit * * * was conveyed to the Yankton Theater Company. That subsequently to that time and prior to the the commencement of this action, to-wit: About November 1, 1902, the title was conveyed by the Yankton Treater Company to Rudgers and is still in him." The demurrer was therefore, in effect, merely an objection interposed at the trial; the defect, if any, in the pleading was supplied by the stipulation of the parties; and the contention that the cross-complaint does not state a cause of action, seriously urged for the first time in this court, should not be considered with favor. But there is a conclusive answer to appellant's purely technical objection to the cross-complaint. It contains two counts, in one of which the allegations regarding ownership were unassailable. The demurrer was to the entire pleading. For this reason alone it was properly overruled.

The trial court found that Dudley contracted to furnish all material and labor in constructing a steam heating plant, and to do plumbing for $1,400; that he intended in good faith to comply with his contract, and had complied with all of its terms and conditions except as to certain defects and omissions caused by inadvertence which could be remedied at a cost of $177.50. No other injury to the owner appearing, the court deducted the cost of remedying such defects from the contract price and gave judgment for the balance. In doing so it followed the established rule in this jurisdiction. "When contractors have in good faith intended to and have substantially complied with the contract, although there may be slight defects caused by inadvertence or unintentional omissions, they may recover the contract price, less the damage sustained on account of such defects." Aldrich v. Wilmarth, 3 S. D. 523, 54 N. W. 811; Hulst v. Association, 9 S. D. 144, 68 N. W. 200.

The contention that the amendment of the findings of fact to conform the decisions to the fact as stipulated by the parties was reversible error is clearly without merit.

The judgment of the circuit court is affirmed.